SINGER MANUFACTURING COMPANY, APPELLANT, VS. L. W. SPRATT AND J. C. MARCY, JR., JUSTICE OF PEACE, APPELLEES.

W. A. McLEAN, APPELLANT, VS. L. W. SPRATT ET AL., APPELLEES.

A. B. CAMPBELL, APPELLANT, VS. L. W. SPRATT ET AL., APPELLEES.

1. The dismissal of a rule to show cause why a writ of prohibition should not be granted is a final judgment upon the suggestion filed and the facts therein contained, from which an appeal lies.

2. The power to issue the writ of prohibition as an original proceeding does not belong to the Circuit Courts, and can be issued by them only as ancillary to a jurisdiction already acquired.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*G. Wheaton Deans* for Appellants.

*John T. & George U. Walker* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

Each of these cases is based upon the same state of facts. They are appeals from. the judgments of the Circuit Court discharging rules to show cause why writs of prohibition should not issue upon the suggestion of the' appellant in each case, and dismissing the proceedings.

The appellant in each case filed a suggestion in the Circuit Court setting forth that L. W. Spratt had instituted suit before J. C. Marcy, Jr., a Justice of the Peace, against such defendant (appellant) in *assumpsit*, that the issue before the Justice in each cause " involved the right of possession and title to real estate, that exception and objection was then and there taken to the jurisdiction of the court

for the reason that the issue involved the right of possession and title to real estate," but the Justice overruled the objection and rendered judgment against the several appellants for a sum less than $100 ; that the Justice is about to issue execution upon such judgments for the collection thereof; wherefore it is prayed that the writ of prohibition issue to stop the issuing of such execution.

Upon the filing of the suggestion the court made a rule to show cause, and on the day appointed appellees appeared by attorney and moved to discharge the rule upon the insufficiency of the suggestion, which motion was granted and the rule dismissed.

Appellees now move this court to dismiss the appeal on the ground that there is no final judgment, sentence or decree from which an appeal is authorized.

The discharge of the rule to show cause is an end to the proceedings in the Circuit Court, and no further judgment or proceedings can be had in the cause on the part of the relator. As an original proceeding the filing of the suggestion and entry and service of the rule was the commencement of a suit. The discharge of the rule upon the merits of the suggestion was the final judgment of the court against the appellant. The motion to dismiss the appeal was, therefore, denied.

Upon the submission of the appeals it is argued by appellees that the Circuit Court has no jurisdiction to issue the writ of prohibition in these cases.

The Constitution expressly gives to the Supreme Court original jurisdiction of the writ of prohibition. Art. VI., Sec. 5.

Section 8 of the same article gives to the Circuit Courts original jurisdiction in equity, and " in all cases at law in which the demand or value of the property involved exceeds one hundred dollars, and in all cases involving the

legality of any tax assessment, toll or municipal fine, and of the action of forcible entry and unlawful detainer, and of actions involving the title or right of possession of real estate.  *  *  They shall have appellate jurisdiction of matters pertaining to the probate jurisdiction and the estates and interests of minors in the County Courts and of such other matters as may be provided by law, and final appellate jurisdiction in all civil cases arising in the court of a Justice of the Peace, in which the amount or value of property involved is twenty-five dollars and upwards, and of misdemeanors tried before any Justice's or Mayor's court. The Circuit Courts and Judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, habeas corpus, and all writs proper and necessary to the complete exercise of their jurisdiction."

Here we have the jurisdiction of the Circuit Courts and of the Supreme Court sharply defined. The power to issue the writ of prohibition is in clear words given to the Supreme Court as an original proceeding. The Constitution, enumerating what original writs may be issued, omits to name the writ of prohibition as within the power of the Circuit Courts and Judges, but expressly gives the power to issue this writ to the Supreme Court.

The ancient maxim " *inclusio unius est exclusio alterius* " is applicable.

As a writ " necessary to the complete exercise of their jurisdiction," the Circuit Courts may issue a prohibition or any other appropriate writ to protect its jurisdiction in any cause properly before it, but this is ancillary to a jurisdiction already acquired and not an original process by which to obtain jurisdiction. Nor is it within the power of the Legislature to enlarge the jurisdiction so strictly defined.

The reasoning of Chief-Justice Marshall in the leading

case of Marbury vs. Madison, 1 Cranch., 137, 174, has great pertinency to the question here. It was urged before that court, that as the original grant of jurisdiction to the Supreme and inferior courts is general, and the clause assigning original jurisdiction to the Supreme Court contains no negative or restrictive words, the power remains in the Legislature to assign original jurisdiction to that court in causes other than those specified in the article. To this the court answers: "If it had been intended to leave it in the discretion of the Legislature to apportion the judicial power between the Supreme and inferior courts, according to the will of that body, it would certainly have been useless to have proceeded further than to have defined the judicial power, and the tribunals in which it should be vested. * * * If Congress remains at liberty to give this court appellate jurisdiction, where the Constitution has declared their jurisdiction shall be original ; and original jurisdiction where the Constitution has declared it shall be appellate ; the distribution of jurisdiction, made in the Constitution, is form without substance. Affirmative words are often, in their operation, negative of other objects than those affirmed ; and in this case, a negative or exclusive sense must be given to them or they have no operation at all. It cannot be presumed that any clause in the Constitution is intended to be without effect ; and therefore such a construction is inadmissible, unless the words require it. * * * To enable this court then to issue a mandamus it must be shown to be an exercise of appellate jurisdiction, or to be necessary to enable them to exercise appellate jurisdiction."

The necessary conclusion in the cases at bar is that the Circuit Courts and Judges have no constitutional power to issue the writ of prohibition as an original proceeding.

The result is that the Circuit Judge committed no error in dismissing the proceedings before him in these cases.

We may remark that the suggestions of the appellants, filed in the Circuit Court, entirely failed to show that the Justice acted without, or exceeded his jurisdiction in either of the causes before him.

The judgment of the Circuit Court in each case is affirmed.