T. J. LETCHWORTH and HELEN LETCHWORTH, his wife, and ROSEWOOD DEVELOPMENT COMPANY, a Florida Corporation, *Appellants*, v. W. E. KOON and ELLA BRYSON KOON, his wife, *Appellees*.

En Banc.

Opinion filed April 2, 1930.

452

*Hudson & Cason,* for Appellants;

*Roberts & Nelson,* for Appellees.

ANDREWS, Commissioner:

Appellees, complainants below, filed their bill to foreclose a mortgage, to which appellants, defendants below, demurred; thereupon complainants filed an amendment to their bill complying with the points raised by the demurrer. Subsequently, defendants filed a second demurrer, raising

a point of law, not raised by their first demurrer, which was upon motion of complainants stricken and a decree pro confesso entered by the court, upon the ground that the second demurrer raised an objection to the original bill not raised by the previous demurrer and that same was ''frivolous.''

The only point raised by appellants is that the court erred in striking the demurrer and entering decree pro confesso.

The second demurrer raised but one point:

''The bill of complaint is not sufficiently specific to enable these defendants to plead thereto in that it does not appear whether a deficiency decree is sought against these defendants, or either of them.''

It is asserted by appellants that the basis for this demurrer is to be found in Section 1 of Chapter 11993, Acts of 1927, (Section 5751 Comp. Gen. Laws of Florida, 1927) reading as follows:

''In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency.''

The appellants contend that if a deficiency decree is to be demanded the defendant should be entitled to allege and prove such facts as would tend to influence a sound judicial discretion in their favor. It is no doubt often the case in mortgage foreclosures that a defendant fears only a deficiency decree, and it might have saved much in the

matter of litigation expenses if the statute had gone further and provided that no deficiency could be decreed against a defendant unless a proper predicate is laid in the bill and specifically prayed for.

Before the passage of Chapter 7839 Acts of 1919, the power of the court to enter deficiency decrees in suits to foreclose mortgages was exercised under Chancery Rule 89 adopted in 1873, and could be granted under the prayer for general relief if the defendant was personally served with process, or appeared; according to at least two decisions of this Court: Bate v. Cook, 89 Fla. 40, 103 So. R. 126; Mattair v. Card, 18 Fla. 761. Section 2 of Chapter 7839 Acts of 1919, undertook to make the entry of a deficiency mandatory, thereby relieving the court of any discretion in the matter. Before the adoption of Equity Rule 89 in 1873, which is similar to Federal Equity rule 92 adopted in 1864, no deficiency was authorized in equity courts, and the only remedy for a balance due was a suit at law. Webber v. Blanc, 39 Fla. 224, 22 So. R. 655; Snell v. Richardson, 67 Fla. 386, 65 So. R. 592.

Under the Act of 1927, if a deficiency is sought the question of whether or not the same should be granted is within the "sound judicial discretion" of the court; and if it may be rendered under the prayer for general relief there is nothing in the bill on that issue of the case to which a demurrer would lie. In this case the complainant does not pray for special relief in addition to the foreclosure.

There are sound reasons for the contention that if a complainant desires a deficiency judgment, in the event that mortgaged property does not produce sufficient funds to pay off the mortgage debt, that a sufficient predicate and prayer therefor should be laid in the bill. See Mabson v. Christ, 96 Fla. 756, 119 So. R. 131; Realty Mtg. Co. v.

Moore, 80 Fla. 2, 85 So. R. 155, headnote 1. *Non constat,* the complainant in this case may not desire and may never apply for deficiency decree.

In view of the three changes in that important feature of the law in this State, no special relief as for a deficiency should ordinarily be rendered in the absence of a special allegation or prayer therefor, inasmuch as the chancellor is entitled to the benefit of such facts as may be properly pleaded and supported by proof which may assist him in reaching a "sound judicial discretion."

No error was committed by the trial court in this case in striking the second demurrer and entering a decree pro confesso.

The decree of the chancellor is affirmed.

STRUM, J (Dissenting) Although the demurrer was clearly without merit, it was not so frivolous as to justify the summary entry of a decree pro confesso. I think the defendants should have been allowed to answer and that the original ruling of this Court so holding should be adhered to. I therefore disssent from the order of affirmance.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, affirmed.

TERRELL, C. J. AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.

STRUM, J., dissents.