N. H. GARNER, *Plaintiff in Error*, vs. GEORGE E. SLACK, and J. F. McCLELLAND, Sheriff of Seminole County, Florida, *Defendants in Error*.

136 So. 444.

En Banc.

Opinion filed July 29, 1931.

Petition for rehearing denied September 14, 1931.

636

*Ernest F. Housholder,* for Plaintiff in Error;
*Dickinson & Dickinson,* for Defendants in Error.

BUFORD, C.J.—In this case deficiency decree was entered, together with confirmation of sale, on the 7th day of July, 1930, in a foreclosure suit.

Execution issued on the deficiency decree on the 20th day of August, 1930. Execution was levied on certain lands described in the return of the Sheriff, which return was filed on October 6th, 1930. On the same date, October 6, 1930, the plaintiff herein, defendant in the foreclosure suit, filed his motion under the provisions of section 2829 R. G. S., 4516 C. G. L., praying order of the court to direct a stay of execution and the suspension of proceedings thereof.

On final hearing judgment was entered in favor of the defendants and against the plaintiff in the court below, plaintiff in error here.

It is contended that the deficiency decree is void because the bill of complaint did not pray specifically for a deficiency decree. But there was a prayer for general relief and a deficiency decree could be rendered thereunder. Bate, et al. vs. Cook, et al., 89 Fla. 40, 103 Sou. 126. There is no contention that the court in which the foreclosure suit was tried and in which the decree for deficiency was rendered did not have jurisdiction of the parties and of the subject matter.

It is too well settled to be discussed that circuit courts in this State having jurisdiction of the parties and of the subject matter may enter, under proper pleadings and

proof, deficiency decrees. The question as to whether or not either pleadings or proof will support a deficiency decree is not jurisdictional but is a question which may be presented to an appellate court in proper proceedings for review.

In Malone vs. Meres, 91 Fla. 709, 109 Sou. 677, this Court held:

"If the court has acquired jurisdiction of the subject-matter and of the parties, the judgment or decree entered is binding, even though erroneous, because of irregularity of procedure; and such judgment or decree will not be set aside, reversed or modified, except by appropriate direct appellate procedure."

For the reason stated, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs specially.

BROWN, J.—It appears from the order granting the deficiency decree, in connection with the confirmation of the Master's report of sale, that the deficiency decree was granted on motion, after notice to the defendants. As the attack here made on the deficiency decree is in the nature of a collateral attack. I concur in the affirmance. However, if the question had been presented on direct appeal, I am inclined to think I might have taken a different view, by reason of the principles laid down in Letchworth vs. Koonce, 99 Fla. 451, 127 So. 321, and the cases therein cited.