MELVIN VICTOR COLE, Etc., v. L. C. HEIDT.

158 So. 435.

Opinion Filed December 28, 1934.

Petition for Rehearing Denied January 16, 1935.

*Edwin R. Dickenson & Robert W. Patton,* for Appellant; *Hampton, Bull & Crom,* for Appellee.

BUFORD, J.—The appeal brings for review the entry of a deficiency decree in a foreclosure suit. The bill of complaint was filed April 18, 1933. Decree *pro confesso* was entered against all parties except E. Cunningham, Trustee. Thereafter, testimony was taken and final decree was entered on October 20, 1933. Master's report was filed on December 28, 1933, and thereupon decree confirming sale and deficiency decree for $6,000.00 against Melvin Victor Cole, as executor of the estate of W. V. Cole, deceased, was entered.

On June 14, 1934, after the expiration of six months from the date of the entry of final decree, Vida Blanche Cole, one of the defendants, moved to vacate the final decree and on the same date moved to set aside and cancel the deficiency decree. Both motions were denied.

The decree *pro confesso* was entered against Vida Blanche Cole on October 14, 1933, and, therefore, unless orders made by the court after that time were void, she had no standing in court to question the same.

It is contended that the order granting deficiency decree was void because the court was without jurisdiction to make the order, no deficiency decree having been prayed for in the bill of complaint and no special motion having

been made and filed in the court moving the court to grant such a decree.

We think there is merit in this contention.

After the entry of decree *pro confesso* it was proper for the court to proceed without further notice to, or participation by, this defendant. Section 42, 1931, Chancery Practice Act.

In Garner v. Slack, *et al.,* 102 Fla. 635, 136 Sou. 444, we held:

"A deficiency decree may be entered under a prayer for general relief although the Bill of Complaint does not present a prayer definitely asking the rendition of such decree."

That opinion was filed July 29, 1931. The 1931 Chancery Practice Act became effective from and after October 1, 1931.

In the case of Garner v. Slack, *et al., supra,* we also held:

"Circuit Courts in this State having jurisdiction of the parties and of the subject matter may enter, under proper pleadings and proof, deficiency decrees. The question as to whether or not either pleadings or proof will support a deficiency decree is not jurisdictional but is a question which may be presented to an appellate court in proper proceedings for review."

The 1931 Chancery Practice Act provides in part:

"Prayers for general relief and for subpoena shall be omitted. Every bill of complaint shall be considered to pray for general relief."

Therefore, it follows that any relief which could have been obtained under a prayer for general relief prior to the provisions of the 1931 Chancery Practice Act becoming effective could thereafter be had on a bill without a prayer for general relief. The determination, however, of the question as to whether or not a deficiency decree will be

entered is a matter of jurisdiction which the Chancellor may or may not exercise. The complainant may invoke the exercise of that jurisdiction and he must in some way appearing in the record invoke it or else he could not be deemed to have elected that remedy to effectuate the recovery of a balance that might be due him after exhausting his security and the defendant is entitled to timely notice that such jurisdiction is invoked. If the exercise of this jurisdiction is prayed in the bill of complaint on which decree *pro confesso* is taken that will be deemed sufficient to invoke the jurisdiction and to give the defendant notice, but if no such prayer appears in the bill and decree *pro confesso* is entered on the bill, and thereafter the complainant wishes to have the Chancellor exercise the jurisdiction of granting or denying a deficiency decree, he must do so on motion with timely notice thereof served on the defendant, as was done in the case of Garner v. Slack, *et al., supra.* This is true because of the above stated. The complainant must elect to submit this question to the Court of Chancery to become bound by decree in that regard and, if he must submit that question to the Court of Chancery for determination, then it follows that his adversary must have the opportunity to be heard on that question and without notice of a motion to that effect where there has been no prayer for such adjudication in the bill of complaint his adversary has had no opportunity so far as is disclosed by the record to be heard.

For the reasons stated, the entry of a deficiency decree without a prayer therefor in the bill of complaint and without motion and notice thereof to the defendant, even though decree *pro confesso* had been theretofore entered on the bill of complaint, must be reversed.

It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.