VIDA BLANCHE COLE, single, individually, etc., v. L. C. HEIDT.

168 So. 11.
Division B.
Opinion Filed May 6, 1936.

*Edwin R. Dickenson* and *Robert W. Patton,* for Appellant;

*Hampton, Bull & Crom,* for Appellees.

BUFORD, J.—This is the second appearance of this case in this Court. See Cole v. Heidt, 117 Fla. 756, 158 So. 435.

On the former appeal the order entering deficiency decree was reversed on the ground and for the reason that the court had not acquired jurisdiction either to grant or to deny a deficiency decree. The reversal of the order then appealed from placed the record in the same condition as it would have been if no deficiency decree had been mentioned in the order confirming sale.

After the mandate of this Court went down, pursuant to opinion and judgment entered here on December 28, 1934, a new party was substituted in lieu of the original defendant. And, thereafter, on March 19, 1935, notice of application for deficiency decree was entered and deficiency decree was granted on May 16, 1935, after testimony taken pursuant to such notice.

The final decree carried the following limitation:

"And the Master shall report his actings and doings under this decree to this Court with all convenient speed; and upon the coming in and approval of such report, the complainant has leave to make application for such further orders as he may be entitled to under the law."

Master's report of sale was filed December 28, 1933. Confirmation of sale occurred December 28, 1933. The confirmation of sale carried with it a deficiency decree. That deficiency decree, however, appears to have been entered without any basis for the same.

Appeal was taken from that order to this Court and that part of the order granting a deficiency decree in the sum of $600.00 was reversed. See Cole v. Heidt, 117 Fla. 756, 158 Sou. 435. Opinion was filed December 28, 1934, and rehearing denied on January 16, 1935.

On March 19, 1935, two months after the case had been disposed of in this Court, complainant gave notice of application for the entry of a deficiency decree. There was no. reservation in the final decree of jurisdiction to enter any orders after the confirmation of sale. As stated above, the retention of jurisdiction was limited to allow complainant to move for further orders to which the complainant might be entitled on the coming in of Master's report and there was no order made retaining jurisdiction to enter a deficiency decree after the final decree and the order confirming sale under that decree had become absolute by the running of time.

In Mabson v. Christ, 96 Fla. 756, 119 Sou. 131, we held:

"If neither the final decree of foreclosure, nor the decrees of confirmation, adjudicate the complainant's right to have a deficiency decree, nor contain any reservation holding the case open for that purpose, the complainant cannot, after

the decrees have become absolute under the statute and rule, on motion have the case reopened and such omission supplied by entry of a deficiency decree."

On authority of the opinion and judgment in that case, the order appealed from should be reversed and it is so ordered.

Reversed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., dissent.