142 So.2d 759 (1962)
Irving KATZ and Patricia Katz, His Wife, Appellants,
v.
Theodore H. KOOLISH, Appellee.
No. 62-11.
District Court of Appeal of Florida. Third District.
June 26, 1962.
H.I. Fischbach and R.M. MacArthur, Miami, for appellants.
Anderson & Nadeau, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Defendants take this interlocutory appeal from an adverse post decretal order assessing a deficiency judgment against them in a mortgage foreclosure proceeding. The appellee has filed cross assignments of error challenging the sufficiency of his judgment.
Appellee brought this action, pursuant to § 702.02, Fla. Stat., F.S.A., seeking to foreclose a third mortgage on the appellants' home and furnishings. The complaint contained a prayer for deficiency decree. Ultimately, a final decree of foreclosure was entered in favor of the appellee for $43,511.84. It made no mention of a deficiency decree, nor did it retain jurisdiction for the purpose of entertaining a motion for such a decree. The defendants appealed from the decree of foreclosure, posting a cash supersedeas bond of $5,000. The decree was affirmed and the chancellor entered an order assessing interest and attorneys' fees which exceeded the $5,000 cash supersedeas by $1,452. The $5,000 was withdrawn by the appellee and the $1,452 excess was added to the amount due on foreclosure. Sale was duly held at which the appellee made the high bid of $100 and purchased the property subject to the first and second mortgages. No objections to the sale were filed. The clerk's report and certificate of disbursements showed that the amount due under the final decree of foreclosure, as *760 amended, was $50,617.[1] Within five days of the issuance of the clerk's statutory certificate of title and report of sale, the appellee moved for deficiency decree. Hearing was held on the motion at which the appellee offered no evidence, and the appellants were allowed to offer evidence as to the true value of the property. Subsequently, the chancellor entered the order appealed granting appellee a deficiency judgment for $37,000.
Appellants contend the trial court was without jurisdiction to enter a deficiency decree in this case. They base this contention on the fact that the final decree of foreclosure contained no reservation of jurisdiction for the purpose of entering a deficiency decree and on the fact that the appellee did not make his motion for deficiency decree until the time had expired for filing a petition for rehearing from the final decree or for filing objections to the sale. We find this contention to be without merit.
In Cole v. Heidt, 124 Fla. 264, 168 So. 11, the Supreme Court of Florida held:
"In Mabson v. Christ, 96 Fla. 756, 119 So. 131, 132, we held: `If neither the final decree of foreclosure, nor the decree of confirmation, adjudicate the complainant's right to have a deficiency decree, nor contain any reservation holding the case open for that purpose, the complainant cannot, after the decrees have become absolute under the statute and rule, on motion have the case reopened and such omission supplied by the entry of a deficiency decree.'"[2]
Under this rule, in the absence of a reservation holding the cause open for the purpose of entertaining a motion for deficiency decree, a court would have jurisdiction to entertain a motion for such decree for ten days after entry of the order of confirmation, the period within which a petition for rehearing must be filed.
Sections 702.02 and 702.021, Fla. Stat., F.S.A., provide an alternative method of foreclosure which, if adopted by the plaintiff, exclusively governs. These sections do not require a decree of confirmation, providing instead that upon the filing of the clerk's certificate of title, the sale shall stand confirmed. It has been held that under these sections, a party has ten days after issuance of the statutory certificate of title in which to file a petition for rehearing. Maule Industries, Inc. v. Seminole Rock & Sand Company, Fla. 1956, 91 So.2d 307.
It would seem consonant with the rule set forth in Cole v. Heidt, supra, to hold that under §§ 702.02 and 702.021, supra, absent a reservation holding the cause open for the purpose of entertaining a motion for deficiency decree a court has jurisdiction to entertain a motion for such decree for at least ten days after the issuance of the statutory certificate of title. In the instant case, the application for deficiency was filed five days after the issuance of the statutory certificate of title.
We have considered the appellants' remaining contentions and the contentions of the appellee on cross appeal in the light of the record, and conclude they are without merit and that the chancellor did not abuse his discretion in granting the deficiency decree. It follows that the order appealed should be, and is hereby, affirmed.
Affirmed.
NOTES
[1] The parties concede that the clerk made a $5,000 error by failing to credit the appellants with the cash supersedeas which had been withdrawn by the appellee, but this has no bearing on the decision reached herein.
[2] See also Life & Casualty Ins. Co. of Tennessee v. Tumlin, 138 Fla. 447, 189 So. 406, where it was said: "Obviously the proper time for the determination of a deficiency is upon confirmation after the sale * * *. The sale is incomplete until it is confirmed by the court." Also, Berns v. Harrison, 100 Fla. 1105, 131 So. 654.