CARROLL, Judge.
This is an appeal from a judgment in prohibition making absolute a rule nisi issued out of the circuit court in Dade County restraining progress of a law action in the civil court of record in that county.
Washington Federal Savings and Loan Association of Miami Beach had foreclosed a mortgage. The foreclosure complaint did not pray for a deficiency decree. The final decree of foreclosure did not reserve jurisdiction generally or expressly for the purpose of entering a deficiency decree.[1] Foreclosure sale resulted in a deficiency amount. No application for a deficiency decree was made in the equity suit. Instead, the mortgagee filed the action in the civil court of record to recover the deficiency amount.
The mortgagor Bradley and the other foreclosure defendants filed in the original foreclosure proceeding a petition for writ of prohibition directed against the civil court of record and one of its judges and the mortgagee. Rule nisi in prohibition was issued and subsequently made absolute, the grounds stated being that the civil court of record was (1) “attempting to act without jurisdiction” and (2) interfering with “the exercise of jurisdiction in the circuit court.”
Prohibition may be directed to a lower court over which the higher court has appellate and supervisory jurisdiction. Appeals from the civil court of record proceed to the district court of appeal, and in certain instances to the Supreme Court. Art. V, §§ 4(2) and 5(3), Fla.Const., 26 F.S.A. Since the amendment of the judiciary article which became effective July 1, 1957, the circuit court has had no appellate or supervisory jurisdiction over the civil court of record. Art V, § 6(3), Fla.Const., 26 F.S.A. For that reason the circuit court was without jurisdiction to issue a writ of prohibition to prohibit action of the civil court of record. See State ex rel. Dato v. Himes, 135 Fla. 203, 184 So. 648.
 Nor was the prohibition order an authorized writ in aid of the circuit court’s jurisdiction in the foreclosure suit. Under constitutional authority granted to circuit courts to make “all writs necessary or proper to the complete exercise of their jurisdiction” (Art. V, § 6(3), Fla.Const., 26 F.S.A.), a writ of prohibition could be used to restrain proceedings in another court to which otherwise prohibition would not lie, provided it was necessary or proper to the exercise of jurisdiction of the court issuing the writ. Here there was no further jurisdiction to be exercised by the circuit court in the foreclosure suit which could be the subject of interference by the action in the civil court of record. This is so because no deficiency decree was prayed for or sought in the foreclosure suit; jurisdiction for it was not reserved, and upon the decree becoming final under those circumstances the equity court’s jurisdiction with reference to the matter was ended.[2]
For the reasons stated, the judgment in prohibition is reversed with directions to the circuit court to dismiss the petition without prejudice.
Reversed.

. The only reservation of jurisdiction in the decree was for disposition of a foreclosure sale surplus, if any, and there was no such surplus.

. Cole v. Heidt, 124 Fla. 264, 168 So. 11; Katz v. Koolish, Fla.App.1962, 142 So.2d 759.