159 So.2d 665 (1964)
Robert R. FRANK, Appellant,
v.
Hy LEVINE, Lewis Marrow and Dana Marrow, his wife, Appellees.
No. 63-390.
District Court of Appeal of Florida. Third District.
January 21, 1964.
*666 Frank & Strelkow, Miami Beach, for appellant.
Dorothea M.B. Vermorel, Hollywood, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
PER CURIAM.
Plaintiff appeals from an order dismissing his complaint. The action was at law for a deficiency following a foreclosure of mortgage. Defendants moved to dismiss on three grounds, (1) that the court lacked jurisdiction of the subject matter, (2) that the "cause of action is res judicata" and (3) that plaintiff had waived his action and was estopped to bring an action at law.
The question presented is whether the complaint stated a cause of action. We hold that it did, and that it was error to dismiss the cause. The contention of want of jurisdiction was without merit. A right of action at law for a deficiency resulting from a mortgage foreclosure sale is expressly conferred by statute. § 702.06, Fla. Stat., F.S.A. Exceptional circumstances which could preclude the action if they existed were not disclosed on the complaint. Res judicata, waiver and estoppel are affirmative defenses. Those defenses and any others available under the facts of the case including equitable defenses should be pleaded in answer to the complaint. Hough v. Menses, Fla. 1957, 95 So.2d 410, 412; Stone v. Stone, Fla.App. 1957, 97 So.2d 352; Nunez v. Alford, Fla.App. 1960, 117 So.2d 208. Cf. Belle Mead Development Corporation v. Reed, 114 Fla. 300, 153 So. 843.
In dismissing the complaint at law for a mortgage foreclosure deficiency, notwithstanding statutory authority for such actions at law, the trial judge may have been motivated by an assumption that equitable considerations which could limit recovery of a deficiency when sought in equity in a foreclosure suit,[1] were not available as equitable defenses or partial defenses in a law action for such a deficiency. However, equitable defenses may be pleaded in law actions (rule 1.8(g), Fla. R.C.P., 30 F.S.A.), and there would appear to be no reason why equitable considerations sufficient to limit a deficiency award in equity should not serve equally when pleaded and proved in an action at law to recover a mortgage foreclosure sale deficiency.
Accordingly the order of dismissal is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Taylor v. Prine, 101 Fla. 967, 132 So. 464; Carlson v. Becker, Fla. 1950, 45 So.2d 116; Houk v. Weiner, Fla. 1951, 53 So.2d 304; Scheneman v. Barnett, Fla. 1951, 53 So.2d 641; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434; Kennedy v. Kay, Fla.App. 1963, 154 So.2d 345; Galloway v. Musgrave, Fla.App. 1963, 154 So.2d 846, 851; 16 U.Miami L.Rev. 745, 749 (1962).