ON REHEARING
Before BARKDULL, C. J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellee has upon petition for rehearing urged that the premise stated for the decision:
“The amount bid at a foreclosure sale does not conclusively establish the value of the property for the determination of the equities upon an application for a deficiency decree.”
applies only to a situation wherein a plaintiff requests a deficiency decree in the foreclosure proceeding. It is then urged that the principle stated would not apply in the instant case because in the instant case the plaintiff in foreclosure expressly refrained from a request for a deficiency decree.
Frank v. Levine, Fla.App.1964, 159 So.2d 665 was an appeal from a final judgment dismissing a complaint at law for a deficiency following the foreclosure of a mortgage. It was held that equitable defenses could not be the basis for a dismissal of the complaint on motion directed to the complaint as a pleading but in so holding it was pointed out:
“[T]he trial judge may have been motivated by an assumption that equitable considerations which could limit recovery of a deficiency when sought in equity in a foreclosure suit, were not *525 available as equitable defenses or partial defenses in a law action for such a deficiency. However, equitable defenses may be pleaded in law actions (rule 1.8(g), Fla.R.C.P., 30 F.S.A.), and there would appear to be no reason why equitable considerations sufficient to limit a deficiency award in equity should not serve equally when pleaded and proved in an action at law to recover a mortgage foreclosure sale deficiency.”
Accordingly, the ground of the petition set forth above is denied. We have considered the other grounds set forth in the petition and they are likewise found to be without merit. The petition for rehearing is denied.
It is so ordered.