CARROLL, Judge.
The plaintiff in a mortgage foreclosure suit appeals from an order denying her motion for a deficiency decree, and from a denial of her petition for rehearing addressed thereto.
A final decree of foreclosure was entered by the late Circuit Judge Robert H. Anderson on September 10, 1963. It did not reserve jurisdiction for deficiency decree. At the foreclosure sale the property involved was brought by the plaintiff for $2,000, leaving a deficiency sum of $15,-211.77. The foreclosure sale was confirmed by a certificate issued on October 8, 1963. Plaintiff’s motion for deficiency decree was filed more than 10 days thereafter, on October 23, 1963. Defendants filed objections. In addition to contending that the motion for deficiency decree came too late,[1] the objections presented certain equitable considerations relied on by defendants as grounds for denial or partial denial of the deficiency decree sought by plaintiff. The motion was dismissed by the following order:
“This Cause came on to be heard before me upon Plaintiff’s Motion for Deficiency Decree and being fully advised herein, the court finds that it does not have jurisdiction to enter a Deficiency Decree herein and therefore the court declines to proceed upon said Motion for Deficiency Decree of the Plaintiff, it is therefore
“Ordered, Adjudged and Decreed that this court shall not rule upon the merits of Plaintiff’s Motion for Deficiency Decree and therefore the same is hereby dismissed.”
Three days later, on December 6, 1963, the chancellor vacated that order and entered another order by which he denied the motion for deficiency because it was filed more than 10 days after the certificate of title issued, which order was as follows:
“This Matter coming on to be heard upon the Plaintiff’s Motion for Deficiency Decree and the Defendants’ Objection thereto, and the Plaintiff having, by counsel, admitted that the same is with merit, and the Court finding that the Plaintiff delayed in calling up his prayer for a Deficiency Decree for more than ten days after the Clerk had issued a Certificate of Title, it is therefore,
“Considered, Ordered, Adjudged and Decreed that the Order heretofore submitted by the Plaintiff and inadvertently entered by the Court on December 3, 1963, is cancelled, set aside, revoked and held for naught, and it is further
“Considered, Ordered, Adjudged and Decreed, on the authority of Katz v. Koolish, Fla.App.1962, 142 So.2d 759, that because of the delay and neglect, Plaintiff’s Motion for a Deficiency Decree is hereby denied.”
Plaintiff filed a petition for rehearing seeking clarification of the order of December 6 as to whether her motion for deficiency decree was denied only because it was filed too late, or whether its denial also was grounded on a consideration of the merits of the equities suggested in the filed objections. The chancellor’s death intervened before a ruling thereon. A successor chancellor denied the petition for *740 rehearing, using language which the parties have suggested implies his holding that Judge Anderson’s order of December 6, 1963, amounted to a denial of the deficiency-decree on the merits of the equities raised by the objectors. The order denying the petition for rehearing was in the following language:
“This cause coming on to be heard on Plaintiff’s Petition for Rehearing filed December 13, 1963, and the court having examined the file and the mem-oranda filed on behalf of the Plaintiff and the Defendants, and it appearing that the late Judge Anderson on December 3 decreed that the court should not rule on the merits of Plaintiff’s Motion for Deficiency Decree; and thereafter, and on December 6, 1963, the said Judge Anderson cancelled, set aside, revoked and held for naught the said Order of December 3, and by said Order of December 6 denied Plaintiff’s Motion for Deficiency Decree, and unfortunately there being no way de-hors the record, of determining Judge Anderson’s rationale for the holding, but it appearing that by vacating the order of December 3, 1963 he held that he did have jurisdiction, and due deliberations having been had, it is
“Adjudged, Ordered and Decreed
“That the Plaintiff’s Petition for rehearing be, and the same is hereby denied.”
On this appeal it is contended that the chancellor was in error in holding the motion for deficiency was filed too late; that there were no equities shown or established on the record to justify denial of the deficiency for reasons other than late filing; and that error was committed by holding, in the order denying petition for rehearing, that the earlier order of December 6, 1963, was based on a consideration of the equities submitted by the objectors.
Judge Anderson’s order of December 6, 1963, which denied plaintiff’s motion for deficiency decree on authority of Katz v. Koolish, Fla.App.1962, 142 So.2d 759, 760, because not filed within the period allowed, was eminently correct, and is affirmed. The successor chancellor correctly denied the petition for rehearing, but in holding that Judge Anderson’s order of December 6, 1963 was predicated on the equitable considerations relied on by the defendants to defeat the application for deficiency decree, the order denying the petition for rehearing or for clarification was in error.
 It was established, in fact it was conceded by plaintiff that as there was no reservation of jurisdiction for deficiency in the final decree the plaintiff’s motion for deficiency more than 10 days after the certificate of title was issued was filed too late under the holding of Katz v. Koolish, supra. Judge Anderson’s order of December 6, 1963 so held, and denied the motion for deficiency for that reason. Under those circumstances it would seem unreasonable to assume Judge Anderson proceeded to consider the merits of equitable defenses addressed to a motion which he recognized and held was filed too late to be entertained. In order to give meaning and consistency to Judge Anderson’s order of December 6, 1963, his reference in the earlier order to merits of the motion for deficiency must be recognized as having reference to the motion, and not to the objections to the motion; that is, as to whether the motion for deficiency was timely filed or was filed too late to confer jurisdiction. This is so because the denial of December 6 was expressly placed on the late filing. Moreover, the equitable considerations alleged and relied on by defendants in response to the motion for deficiency were not established. No evidence was presented thereon. See Sheneman v. Barnett, Fla.1951, 53 So.2d 641; Kissling v. McCarthy, Fla.App.1958, 100 So.2d 434; Galloway v. Musgrave, Fla.App;1963, 154 So.2d 846. Denial of an application for deficiency decree for jurisdictional reasons as distinguished from equitable grounds is not res judicata so as to *741 bar an action thereon at law. Mabson v. Christ, 104 Fla. 606, 140 So. 671 (opinion on rehearing) ; Atlantic Shores Corporation v. Zetterlund, 103 Fla. 761, 138 So. 50, 53-54. But as was held in Frank v. Levine, Fla.App.1964, 159 So.2d 665, equitable considerations which could have been urged in opposition to a proper and timely application for deficiency decree in a foreclosure suit, may be asserted with similar purpose and effect in a law action for deficiency.
Accordingly the order appealed from which denied the plaintiff’s motion for deficiency decree in the foreclosure suit is affirmed, and the order denying petition for rehearing is affirmed in part and reversed in part in the respects hereinabove set out.
Affirmed in part and reversed in part.

. In the ease of Katz v. Koolish, Fla.App. 1962, 142 So.2d 759, 760, it was held that when jurisdiction was not reserved in the foreclosure decree, a deficiency decree could be entered only if moved for within 10 days after the issuance of the statutory certificate of title. That conformed to earlier holdings in cases involving foreclosure sales which were confirmed by order of court, that when jurisdiction for deficiency decree was not reserved, application could not be made therefor in the foreclosure suit after the confirmation order became final. See Mabson v. Christ, 96 Fla. 756, 119 So. 131; Atwell v. Atwell, 111 Fla. 352, 149 So. 555; Cole v. Heidt, 124 Fla. 264, 168 So. 11; Jappe v. Heller, Fla.1953, 65 So.2d 302; Scheuermann v. Shamas, Fla. 1957, 97 So.2d 314.