### PAULEN v. JACK O'DARE, Inc., et al.
No. 61-C-3628.

Circuit Court, Dade County.

September 29, 1966.

Richard A. Marcus, B. C. Fuller, Fuller & Feingold, all of Miami Beach, for plaintiff.

Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, for defendants.

HENRY L. BALABAN, Circuit Judge.

This case came before the court on pending motions of the parties, and the court having heard argument of counsel and being otherwise fully informed, finds —

On November 9, 1961 a "Partial Summary Decree of Foreclosure" involving a specified truck and a specified trailer was entered. On December 10, 1961 an "Order for Final Decree" involving the truck and trailer *and* a specified stock certificate no. 1 was entered. On January 4, 1962 a certificate of sale involving the truck, trailer and stock certificate was issued.

The "Order for Final Decree" was not a final decree (of foreclosure). See Renard v. Kirkeby Hotels, Inc., 99 So.2d 719 (Fla. App. 1958), reh. den., where the court said at page 720 — "In Milteer v. Seaboard Air Line Ry. Co., 65 Fla. 357, 61 So. 749, the general rule was adhered to by holding that an order for a final judgment * * * was not * * * a final judgment."

It follows that the certificate of sale, if issued pursuant to the "Order for Final Decree" was unauthorized.

This court construes that the certificate of sale was issued pursuant to the "Partial Summary Decree of Foreclosure" — which, however, covered only the truck and trailer, not the stock certificate.

It is noted that this court did not reserve jurisdiction for a deficiency decree in either the partial decree of foreclosure or the order for final decree.

The plaintiff filed two motions for a deficiency decree, one on January 19, 1962, and again on May 16, 1966.

The motion for a deficiency decree, involving the truck and trailer, is denied, in view of the fact that the court did not reserve jurisdiction over the same plus the fact that the motion was not timely filed, it having been filed more than 10 days after the certificate of sale was issued. Frumkes v. Mortgage Guarantee Corp., 173 So.2d 738 (Fla. App. 1965), reh. den.

The plaintiff in his affidavit filed on May 16, 1966 admits that the stock certificate is worthless. In view of this admission, the

issue of the Florida Abatement Statute, §45.19, Florida Statutes, in not being self-executing, is rendered moot.

It affirmatively appears from the evidence heard by this court that the parties — during the pendency of this cause and subsequent to the orders entered — concluded private arrangements whereby the truck and trailer could be used by the defendants. These arrangements and agreement apparently failed whereupon the plaintiff appealed to this court for a deficiency decree, which cannot be granted for the reasons stated.

It is therefore, upon consideration, ordered, adjudged and decreed that this cause is dismissed, with prejudice.