SPECTOR, Judge.
Respondents below, as members of the Florida Industrial Commission, appeal from a final summary judgment by the Circuit Court of Leon County granting a peremptory writ of prohibition against them. By its tenor, the writ restrains the appellant administrative agency and its members from engaging in any further proceedings respecting a claim for workmen’s compensation by the appellee, Carter, which is now pending before the full Commission.
The judgment granting the peremptory writ now under review was entered pursuant to a petition alleging that the appellant, Florida Industrial Commission, is without authority to act for the reason that it is not constituted in accordance with the manner provided by Section 440.44(2), Florida Statutes, F.S.A. The cited statute sets forth a qualification formula for such administrative board’s membership. Appellants moved to quash the alternative writ issued by the circuit court. Their first ground states that the circuit court had no jurisdiction to entertain proceedings in prohibition against the Florida Industrial Commission because its orders were directly reviewable by the Supreme Court. Therefore, only the latter tribunal could issue writs of prohibition to the appellant Commission. The second ground for the motion to quash the alternative writ was that the suggestion for writ of prohibition failed to state a relievable claim. The trial court denied the motion to quash holding that neither ground advanced was valid. These two contentions are also raised by appellants in the instant appeal from the final judgment embodying the peremptory writ.
Although the trial court’s order denying appellants’ motion to quash was interlocutory only, we pause briefly at this juncture to mention it because of appellants’ efforts to collaterally override the jurisdiction asserted by the circuit court and the possible implications of the failure of such effort.
Almost immediately after the denial to quash, appellants filed an original action in prohibition seeking a writ to be issued by the Supreme Court to restrain the trial court from exercising any jurisdiction in the instant action on the same grounds upon which their motion to quash was based; namely, the Circuit Court’s want of jurisdiction over the Florida Industrial Commission since the latter’s orders are made appealable to the Supreme Court by statute. By an order dated April 4, 1967, the Supreme Court denied the suggestion for a writ of prohibition without an opinion. State ex rel. Johnston v. McCord, 201 So.2d 459. The implication of the Supreme Court’s denial of the Industrial Commission’s petition for prohibition, as expressed by appellee during oral argument in the instant case, is that the circuit court had jurisdiction over Carter’s prohibition action against the Commission; hence, the former’s refusal to intercede against the latter. While that view may well be a source of apparent comfort to appellee herein, it will not withstand the scrutiny of close examination in light of constitutional provisions concerning the Supreme Court’s own jurisdiction to issue writs of prohibition.
Article V, Section 4(2) of the Florida Constitution, F.S.A. sets forth the jurisdiction of the Supreme Court. Concerning the extraordinary writ of prohibition, the Constitution provides in the third paragraph of the cited subsection the following:
“The supreme court may issue * * * writs of prohibition [1] to the commissions established by law, [2] to the district courts of appeal, and [3] to the trial courts when questions are involved upon which a direct appeal to the su *437 preme court is allowed as a matter of right.” [Numbers in brackets supplied]
Thus, our Constitution expressly empowers the Supreme Court to issue writs of prohibition in three designated circumstances other than the “all writs” provision that follows the above quoted language which is not applicable here. See Couse v. Canal Authority, 209 So.2d 865 (Fla.1968).
In State ex rel. Johnston, supra, the petitioner was not seeking a writ to restrain either of the first two classes of tribunals. Rather, a writ was sought to restrain the last class, a trial court. The Supreme Court’s authority to issue such writs to a trial court appears limited to instances “ * * * when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right.” Accordingly, in order for the Supreme Court to exercise its prohibition jurisdiction under this clause when petitioned to do so by the Industrial Commission, it must have first appeared to it that the question before the trial court in the matter over which jurisdiction was sought to be restrained involved questions “ * * * upon which a direct appeal to the supreme court is allowed as a matter of right.” Article V, Section 4(2), Florida Constitution.
In State ex rel. Peterson v. Weissing, 100 So.2d 373, the Supreme Court in discussing its authority to issue writs of prohibition to trial courts under Article V, Section 4(2) of the Constitution, held that it was without jurisdiction to prohibit proceedings in the trial court in those cases where a direct appeal was not allowed to the Supreme Court as a matter of right. That court reaffirmed its view in this regard by its opinion in State ex rel. Owens v. Pearson, Fla., 156 So.2d 4.
To determine that the action over which the trial court was exercising its jurisdiction did not fit into the direct appeal category, we need only to examine the pertinent provisions of the judiciary article that establishes the Supreme Court’s direct appeal jurisdiction. Article V, Section 4(2), provides:
“Appeals from trial courts may be taken directly to the supreme court, as a matter of right, * * * from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing.a controlling provision of the Florida or federal constitution.”
Examination of the issues involved in the case before the trial court at the time prohibition against the trial judge was sought leads us to the conclusion that they were not such as would authorize direct appeal from the trial court to the Supreme Court under its direct appeal jurisdiction as set forth in Article V, Section 4(2), Florida Constitution. The subject matter of the suit in the circuit court did not concern the validity of a state statute or construction of a controlling provision of the constitution. Rather, it concerned the interpretation of Section 440.42(2), Florida Statutes, F.S.A., and its application to the facts at hand.
The authority of the circuit courts to issue writs of prohibition is found in Article V, Section 6(3), Florida Constitution, the material portion of which states:
“The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction.”
The above cited constitutional provision makes it amply clear that the circuit courts do have jurisdiction to issue prohibition writs in appropriate cases. Appellant contends that such cases are limited to those where the proposed writ is to be issued to a court or tribunal over which the issuing court, in this case the circuit court, has appellate jurisdiction. Appellee contends however that no such limitation is placed by the constitution upon the circuit court’s prohibition jurisdiction. Appellee *438 argues that the circuit courts derive their prohibition jurisdiction from the common law. In support of this thesis, we are cited to the Florida cases holding that the circuit court is a court of general jurisdiction analogous to the Court of King’s Bench, such as Lamb v. State, 91 Fla. 396, 107 So. 535; Ex parte Henderson, 6 Fla. 279; Chapman v. Reddick, 41 Fla. 120, 25 So. 673; and Taylor v. State, 49 Fla. 69, 38 So. 381. In the latter case, the Supreme Court stated:
“* * * Circuit courts are with us the courts of most general jurisdiction, both civil and criminal' — successors, in sort, to Court of King’s Bench in England— clothed with most generous powers under the Constitution, which are beyond the competency of the Legislature to curtail. * * ^»
In none of the foregoing Florida cases describing the circuit court’s broad discretion was it held that the power to issue writs of prohibition obtained apart from an express constitutional grant of such power because of the common law antecedents of the circuit court. Our research reveals the contrary to be the case. In Singer Manufacturing Company v. Spratt, 20 Fla. 122, a case arising prior to the adoption of the 1885 Constitution, it was held that circuit courts did not have original jurisdiction to issue writs of prohibition independent of its all writs jurisdiction when such is necessary to the complete exercise of its own jurisdiction. In Singer, supra, it was held that the power to issue original writs of prohibition was granted only to the Supreme Court. Subsequently, of course, the 1885 Constitution empowered the circuit courts to exercise original jurisdiction in prohibition actions as well as the appellate courts.
The predecessor of Article V, Section 6(3), Florida Constitution, from which our circuit courts derive authority to issue writs of prohibition was construed by the Supreme Court in State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244. In that case, the court had before it for consideration the power of a circuit court to issue a writ of prohibition related directly to the trial of felony cases by a criminal court of record judge. After quoting from the then Article V, Section 5 of the Florida Constitution, providing that the Supreme Court had appellate jurisdiction in cases of conviction of felonies in the criminal courts of record, and further quoting from the then Section 11, Article V, which delineated the jurisdiction of the circuit courts and which stated in material part as follows:
“The circuit courts * * * shall have final appellate jurisdiction * * * of all misdemeanors tried in criminal courts.
“The circuit courts and judges shall have power to issue writs of * * * prohibition * * * and all writs proper and necessary to the complete exercise of their jurisdiction.”
Construing the above cited constitutional provisions in pari materia, the Supreme Court held at page 247 in Dato, supra:
“It appears from the above quoted organic provisions that the Circuit Courts have no jurisdiction over felonies ‘tried in the Criminal Courts’; and that the authority of the Circuit Courts to issue Writs of Prohibition is expressly limited to cases in which it is ‘proper and necessary to the complete exercise of their jurisdiction,’ which jurisdiction does not include matters relating to ‘conviction of felony in Criminal Courts.’ ”
It seems to us that by its holding in the Dato case, supra, our Supreme Court has adopted the rule that prohibition will not issue from a superior court to an inferior court or tribunal unless the judgments and orders of the latter are reviewable by the former. Thus, in determining which courts are superior or inferior to each other for the purpose of ascertaining a court’s power to issue writs of prohibition to another tribunal, we must look to the pattern of appellate supervision established by law. Crandall, Florida Common Law Practice, 1940 Supp., Section 473, commenting upon *439 the circuit court’s jurisdiction in prohibition states:
“However, the power to issue writs of prohibition conferred upon the circuit court is not plenary. It can only issue such writs to courts or tribunals over which it has supervisory powers. Where the court or other tribunal is answerable to the supreme court, the circuit court has no jurisdiction.”
Inasmuch as the matter before the Florida Industrial Commission in respect of which the writ of prohibition was sought below was not one reviewable by the circuit court, the latter was without jurisdiction to issue the peremptory writ. State ex rel. Florida Real Estate Commission v. Anderson, 164 So.2d 265 (Fla.App.2d 1964); Washington Federal Savings and Loan of Miami Beach v. State ex rel. Bradley, 155 So.2d 393 (Fla.App.3d 1963); and State ex rel. Sentinel Star Company v. Lambeth, 192 So.2d 518 (Fla.App.4th 1966). In State ex rel. Gerstein v. Schulz, 180 So.2d 367 (Fla.App.3d 1965), the above rule was stated thusly at page 368:
“In certain prior decisions it has been duly noted that the constitutional grant of power to the circuit court to issue writs, such as * * * prohibition and mandamus, does not authorize their use as a means of exercising appellate jurisdiction or supervisory control over courts or causes as to which the circuit court lacks appellate jurisdiction. * * '* ”
The above authorities lead us to the conclusion that the court below was without authority to issue the writ of prohibition here under review. That prohibition did not lie in the circumstances presented to us here does not mean that a litigant has no means of testing the authority of the Florida Industrial Commission to exercise its function of reviewing workmen’s compensation cases upon the contention that such agency is not comprised in the manner required by law. See Ricks v. Louisiana Milk Commission, 32 So.2d 643 (La.App.1947). We note the averments in appellee’s suggestion for writ of prohibition as same appears in the record before us and it seems to us that such averments are generally sufficient to support an action for declaratory judgment or injunction. Accordingly, this cause is remanded to the trial court with instructions that it be treated as an action for declaratory judgment or injunction after allowance of such amendments to the pleadings as the parties may find appropriate, and that thereafter the matter proceed to final judgment on the question of the appellants’ authority to function as the Florida Industrial Commission.
Reversed and remanded.
WIGGINTON, C. J. and JOHNSON, J., concur.