SCHWARTZ, Judge.
Almost one year after the issuance of a clerk’s certificate of title pursuant to a sale ordered in a final judgment of foreclosure, see Section 45.031, Florida Statutes (1979), the second mortgagee, Pan American Bank, N.A., moved for the entry of a deficiency judgment against the mortgagors. The trial court entered the judgment and they appeal. We reverse.
The final judgment of foreclosure did not contain an adjudication of the appellee’s demand for a deficiency judgment and neither expressly nor impliedly, see Galloway v. Musgrave, 154 So.2d 846, 850-51 (Fla. 2d DCA 1963),[1] reserved jurisdiction to do so thereafter. Accordingly, that relief could be granted only upon an application filed within 10 days of the certificate of title. Katz v. Koolish, 142 So.2d 759 (Fla. 3d DCA 1962). Since the appellee’s motion was filed far beyond that time, the trial court had no jurisdiction to grant it and to enter the judgment under review. Jappe v. Heller, 65 So.2d 302 (Fla.1953); Cole v. Heidt, 124 Fla. 264, 168 So. 11 (1936); Atwell v. Atwell, 111 Fla. 352, 149 So. 555 (1933); Mabson v. Christ, 96 Fla. 756, 119 So. 131 (1928); Scheuermann v. Shamas, 97 So.2d 314 (Fla. 3d DCA 1957); see Katz v. Koolish, supra.
Reversed.

. We reject as totally baseless Pan American’s claims that jurisdiction was “impliedly” reserved by virtue either simply of the denomination of the final judgment as one of “foreclosure” or of the provision — presumably by negative implication — that the first mortgagee waived its right to a deficiency. Compare Galloway v. Musgrave, supra, upon which the bank solely relies, in which the foreclosure judgment expressly reserved jurisdiction
to settle all other questions that this court has jurisdiction to settle under the complaint ... as the court shall deem proper in equity and as the circumstances of this case may require.