PER CURIAM.
PMI Mortgage Insurance Company appeals final orders of the trial court entered in favor of Eileen A. Cavendar and Billy Joe Cavendar, defendants below. We reverse.
In 1981 Eileen and Billy Joe Cavendar purchased a condominium unit and executed a purchase money mortgage in favor of a financial institution. As part of the transaction, PMI issued a mortgage insurance policy in favor of the lender.
The Cavendars divorced and sold the property. The subsequent owner defaulted in 1988. The lender obtained a final judgment of foreclosure and was the successful bidder at the foreclosure sale. Pursuant to the insurance policy, PMI paid a deficiency amount to First Nationwide.
Under the terms of the mortgage insurance contract, PMI was subrogated to First Nationwide’s right to a deficiency. First Nationwide also made an assignment of its rights to PMI.
PMI sued the Cavendars for a deficiency judgment, contending that there remains a deficiency of approximately $18,500.
Eileen Cavendar moved to dismiss with prejudice, while Billy Joe Cavendar moved for summary judgment and judgment on the pleadings. The sole issue considered below was whether a lender (into whose shoes PMI has stepped) may bring an action for a deficiency against the original owner-mortgagors, where the original owner-mortgagors were not made parties to the original foreclosure proceeding against the subsequent owner. The trial court answered the question in the negative and dismissed PMI’s action. PMI has appealed.
Section 702.06, Florida Statutes (1991), provides:
In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor.
Id. See generally 1 Kendall Coffey, Florida Foreclosures § 17.04 (1992).*
In Bank of Florida v. Keenan, 519 So.2d 51 (Fla.3d DCA 1988), this court held that the lender could bring a separate action for a deficiency against one who had not been a party to the foreclosure suit. In that case Keenan was one of two original mortgagors,. and had not been made a party to the foreclosure suit. This court stated:
The trial court erred in entering summary judgment for the appellees. Section 702.06, Florida Statutes (1985), expressly permits the bank to sue to recover a deficiency after foreclosure, so long as the bank neither obtained a deficiency judgment against Keenan and Van Duyne, nor sought and was refused one in the foreclosure action. As long as no deficiency has been entered against the debtors in the foreclosure action, the creditor bank may bring an action against them after the sale, to satisfy the balance due on the note.... The fact that the original foreclosure complaint sought a deficiency against Borges does not preclude the bank from perfecting the deficiency against Keenan and Van *712 Duyne in the subsequent action at law.... The subsequent action was not barred, and it should have been entertained against Keenan and Van Duyne, regardless of the foreclosure suit complaint seeking deficiency against Borges only.
519 So.2d at 51-52.
As stated in Frank v. Levine, 159 So.2d 665 (Fla. 3d DCA 1964):
In dismissing the complaint at law for a mortgage foreclosure deficiency, notwithstanding statutory authority for such actions at law, the trial judge may have been motivated by an assumption that equitable considerations which could limit recovery of a deficiency when sought in equity in a foreclosure suit, were not available as equitable defenses or partial defenses in a law action for such a deficiency. However, equitable defenses may be pleaded in law actions ... and there would appear to be no reason why equitable considerations sufficient to limit a deficiency award in equity should not serve equally when pleaded and proved in an action at law to recover a mortgage foreclosure sale deficiency.
Id. at 666 (footnote and citation omitted); accord Frumkes v. Mortgage Guarantee Corp., 173 So.2d 738, 741 (Fla. 3d DCA1965) (“equitable considerations which could have been urged in opposition to a proper and timely application for deficiency decree in a foreclosure suit, may be asserted with similar purpose and effect in a law action for deficiency.”).
We therefore reverse the orders under review and remand for further proceedings consistent herewith. In this court the Ca-vendars have raised a number of matters by way of defense on the merits. As those issues were not raised below, we do not consider them. This court’s ruling is without prejudice to the Cavendars to raise such defenses as they see fit on remand.
Reversed and remanded.

 In such a lawsuit for a deficiency, the parties have "the right to demand a trial by jury.” Id. § 17.04, at 177.