# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-386 & 3D16-387
Lower Tribunal Nos. 14-21621 & 14-21623
_____

**Marco Romagnoli and Roberto Romagnoli,**
Appellants,

vs.

**SR Acquisitions − Homestead, LLC, etc., and SR Acquisitions − Florida City, LLC, etc.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Arnaldo Velez, for appellants.

Meland Russin & Budwick, P.A., and Eric Ostroff and Joshua W. Dobin, for appellees.


Before SALTER, FERNANDEZ, and LOGUE, JJ.

LOGUE, J.

Despite the complicated relationships between the parties, this case is relatively straightforward. To cut to the chase, Appellees SR Acquisitions-Florida

1

City, LLC and SR Acquisitions-Homestead, LLC (the Noteholders) purchased from Ocean Bank the notes, personal guarantees, and mortgages relating to two properties. The Debtors on these instruments defaulted and the Noteholders foreclosed on both properties. The Noteholders did not join the guarantors in the foreclosure action. By a concatenation of events, the investors behind the Noteholders who were foreclosing on the notes also appear to have a majority interest in the Debtors whose properties were being foreclosed upon.[1] Not surprisingly, the borrower entities provided no defense and the Noteholders successfully foreclosed and obtained substantial deficiency judgments.

In the underlying cases, the Noteholders then sued the Guarantors–Appellants Marco Romagnoli and Roberto Romagnoli–to collect the deficiency judgments. The trial court entered summary judgment for the Noteholders and against the Guarantors finding that the Guarantors were estopped from challenging

[1] The properties at issue in the foreclosure, located in Florida City and Homestead, were owned by two single-asset limited liability companies which we refer to as the "Debtors." San Remo at Florida City, LLC owned the Florida City property and San Remo Homes at Homestead, LLC owned the Homestead property. The Debtors were each comprised of three member entities: Starmac, LLC, Merici, LLC, and Dinuro Investments, LLC. Each of Debtors borrowed money from Ocean Bank and mortgaged its property. These loans were guaranteed by the principals of Dinuro—the Romagnolis—who are the appellants here. When additional capital was required, the member entities had a falling-out. Starmac and Merici formed the Noteholders and purchased the original notes, mortgages, and guarantees from Ocean Bank. The relationships are somewhat convoluted, but the bottom line is that at the time of the foreclosure, the investors behind Strarmac and Merici owned the notes, mortgages, and guarantees and also appear to have a majority ownership in the Debtors whose properties were being foreclosed upon.

the amount of the deficiency judgments and barred from raising equitable defenses. The Guarantors appealed. We reverse.

Turning to the first issue, we hold that the Guarantors are not estopped from challenging the amounts of the deficiency judgments in subsequent actions at law on their guarantees. The Noteholders could have joined the Guarantors in the foreclosure action but chose not to. As a result of their choice, there can be no collateral estoppel (also known as judicial estoppel) under Florida law because the required identity of the real parties in interest is missing since the Guarantors were not parties to the foreclosure. Khan v. Simkins Indus., Inc., 687 So. 2d 16, 17-18 (Fla. 3d DCA 1996) (noting that individuals who were parties to foreclosure in their corporate capacity were not estopped from challenging amount of deficiency judgment in subsequent action at law on their personal guarantees because the required identity of parties was missing). This result comports with the economic reality that many foreclosures involve defaulting single-asset entities, like those here, that have little or no incentive to contest the foreclosure or litigate the amount of the deficiency judgment.

Turning to the second issue, while recognizing that an action to foreclose sounds in equity, in contrast to an action for a deficiency judgment which sounds in law, we do not decide the validity of the old legal principle that equitable defenses are not available in actions at law. Instead, we rely upon the express and

3

narrower holdings of this court that equitable defenses available in a foreclosure action seeking a deficiency are also available in a subsequent legal action to collect the deficiency. PMI Mortg. Ins. Co. v. Cavendar, 615 So. 2d 710, 712 (Fla. 3d DCA 1993) (quoting with approval cases holding that an action at law for a deficiency judgment is subject to equitable defenses); Frumkes v. Mortg. Guarantee Corp., 173 So. 2d 738, 741 (Fla. 3d DCA 1965) ("equitable considerations which could have been urged in opposition to a proper and timely application for deficiency decree in a foreclosure suit, may be asserted with similar purpose and effect in a law action for deficiency"); Frank v. Levine, 159 So. 2d 665, 666 (Fla. 3d DCA 1964) ("there would appear to be no reason why equitable considerations sufficient to limit a deficiency award in equity should not serve equally when pleaded and proved in an action at law to recover a mortgage foreclosure sale deficiency").

Reversed.