MORTON R. HIRSCHBERG v. JOHN L. MARVIN, *et al.*

151 So. 539.

Division B.

Opinion Filed December 1, 1933.

*Joseph M. Glickstein,* for Appellant;

*M. H. Long* and *Otto H. Wittschen,* for Appellee.

BUFORD, J.—The appeal in this case is from an order vacating a decree constituting a deficiency judgment. The decree was entered on the 13th day of May, 1933, against defendant as to whom decree *pro confesso* had been duly entered on the 6th day of March, 1933.

On the 7th day of July, 1933, notice was served that the defendant, through his counsel, would on the 11th day of July, 1933, at nine-thirty o'clock present a motion seeking to vacate the deficiency decree upon the ground that no notice of the application for entry of such deficiency decree was given to the defendant or his counsel. On hearing, the motion was granted, the order being first made on the 12th day of July, 1933, and a correcting order being made on August 1, 1933.

Section 42 of the 1931 Chancery Practice Act, being Chapter 14658, Acts of 1931, provides as follows:

"If the defendant shall fail to file his appearance or shall fail to file his answer or other defense to the bill of complaint, within the time prescribed by law, or within such other time as shall have been filed by the court, then the plaintiff may at his election take an order to be entered by the clerk or the judge, as of course, that the bill be taken

*pro confesso;* and thereupon the cause shall proceed *ex parte,* and the matter or the bill may be decreed by the court accordingly if the same can be done without an answer and is proper to be decreed."

Section 76, sub-paragraph 2, of the same Act provides as follows:

"No notice of any motion, hearing or any other proceeding under a bill of complaint or under answer asserting a counterclaim and praying affirmative relief shall be required as to a party against whom a decree *pro confesso* has been taken, and no time need elapse as to any such defaulting party in order to allow the court to proceed with the cause."

This Court has given full effect to the language of these sections in the case of State *ex rel.* Fisher v. Rowe, decided May 9th, 1933, and reported 147 Sou. 588, and also in the case of Stacy v. Christman, *et al.,* filed June 17, 1933, reported 149 Sou. 186.

Therefore, the order appealed from should be reversed. It is so ordered.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—The matter of granting a deficiency decree rests within the sound judicial discretion of the chancellor, and, in order that such discretion should be properly exercised, it is helpful to the chancellor to give each side an opportunity to be heard. In the exercise of this discretion, the chancellor would certainly not be abusing it if he saw fit to grant a defendant a right to be heard, upon timely application, even though such defendant had suffered a decree *pro confesso* to be entered against him

on the original bill. The bill in this case did not pray for a deficiency decree, nor does the record show that any application for a deficiency decree was ever made to the court. I think the chancellor's order, here appealed from, was not only free from error, but highly commendable.