JEANNE W. STREET, as Administratrix, *Cum Testamento Annexo, De Bonis Non,* v. FLORENCE D. CROSTHWAIT, IN RE: ESTATE OF CHARLES RUSSELL SWITZER, deceased.

186 So. 516.

Division B.

(Former Opinion 183 So. 820.)

Opinion Filed February 10, 1939.

328

*Eldridge Hart, Dozier DeVane* and *Pleus, Williams* and *Pleus,* for Appellants;

*E. W. & R. C. Davis,* for Appellee.

## On Rehearing

Per Curiam. In this case the order of this court is that "the order or decree appealed from is hereby affirmed." The decree of the Circuit Court appealed from is that the order of the "Judge of the Probate Court * * * be and the same is hereby reversed, and the cause remanded back to the lower court for the purpose of taking testimony and proof appropriate with the issues made by the pleadings in said cause."

The issues in the Probate Court were allegations that the required notice of caveator or counsel of the probate of a will was not given, with denial of the allegations and averments that caveator did receive notice, together with pleas of laches and estoppel against the caveator.

As the Circuit Court reversed the decree of the Probate

Court and remanded the cause for taking appropriate testi-
mony, it is proper to determine here on appeal from the
decree of the Circuit Court, whether, when a caveat is duly
filed, the giving of the statutory notice to the caveator is
essential to the jurisdiction of the County Judge to probate
a will. If such notice is not essential to the exercise of
jurisdiction to probate the will, and the right to such notice
may be waived or otherwise lost by acts of omission or
commission, then the pleas of laches and estoppel, if proven,
may be a bar to the relief sought.

The statute quoted in the main opinion cannot materially
impair the exercise of the general Probate jurisdiction of
the County Judge as defined by Section 17, Article V of the
State Constitution. But the statute does not confer upon
any person who is interested in a will that may be offered
for probate, the right to file in the office of the County
Judge a caveat and thereby to impose upon the County
Judge a duty to give the caveator at least ten days' notice
before admitting the will to probate. It is error to admit
a will to probate until the required notice is given if the
caveat is duly filed. But the notice being for the benefit of
the caveator, the right to to the notice may be waived or
otherwise lost; and the mere failure to give the notice does
not affect the jurisdiction of the County Judge to admit a
will to probate.

The notice required by Section 5467, Compiled General
Laws 1927, is not process. Its purpose is not to give the
court jurisdiction over the caveator or over the subject mat-
ter. That jurisdiction already existed and is complete.
The general jurisdiction of a county judge over the will
offered for probate, granted by Section 17, Article V of the
State Constitution, is not divested by the filing of a caveat.
Under the statute the filing of the caveat merely requires
notice to be given the caveator before the will is admitted

to probate. Anything in the former opinion herein that is inconsistent with this opinion is hereby disapproved.

The decree of the Circuit Court is affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.