FLORENCE D. CROSTHWAIT, *et al.,* v. THE NORTHERN TRUST COMPANY, *et al.*

197 So. 785
Division B
Opinion Filed September 17, 1940

*Schuyler & Hennessy* (Chicago, Illinois) and *E. W. & R. C. Davis,* for Appellants;

*Eldridge Hart,* for Appellees.

PER CURIAM.—This is an appeal from a final decree made and entered by the Circuit Court in and for Orange County on October 9, 1937. The appeal is taken by the complainants in the court below, viz.: Florence D. Crosthwait, Agnes R. McConnell, Charles G. Darling against the defendants in the court below, The Northern Trust Company and Jeanne W. Street, as co-executors of the last will and testament of

Harry L. Street, deceased, and Jeanne W. Street, individually and as executrix of the executor, and as administratrix *de bonis non* with will annexed of the estate of Charles Russell Switzer, deceased, and others.

The appellants here, on April 25, 1935, filed their bill in said circuit court, praying that the probate of the last will and testament of Charles R. Switzer in County Judge's Court of Orange County on September 25, 1828, be set aside and voided on the ground that Florence D. Crosthwait had filed a caveat before said court and that no notice had been given as required by the caveat. Further, that the said deceased person's will had been altered by Harry L. Street, the executor named in the will, and that he had defrauded said deceased person out of large sums of money and securities by reason of his confidential relationship with said deceased person during his lifetime; and prayed that said will be set aside and declared void; and that a receiver be appointed to take charge of the assets of said estate.

An answer, and an amendment thereto, were filed by the appellee, Jeanne W. Street, as administratrix. There were incorporated in said answers pleas of estoppel and pleas of *res adjudicata* alleging that Charles G. Darling, one of the appellants herein, did file in the probate court on March 19, 1929, a petition seeking the revocation of the order of probate of the last will of Charles R. Switzer, on the ground of undue influence and other matters pertaining thereto, and that the decision was adverse to Charles G. Darling, and that Florence D. Crosthwait and Agnes R. McConnell were the chief witnesses for petitioner in said cause, and in privity of interest with him, and that the subject matter and the issues were identical with those set up in the bill of complaint in this cause. It was further alleged that the appellants were further estopped by reason

of the fact that on September 6, 1932, Florence D. Crosthwait and Agnes R. McConnell did file in the Probate Court of Orange County, Florida, a motion to vacate the orders of probate which were entered on September 25, 1928, attacking the sufficiency of the notarial certificate and the proof of will before the probate judge, all of which was adjudged adversely to the appellants herein.

The Circuit Court overruled motions attacking the sufficiency of the pleas of estoppel and *res adjudicata,* and the appellees, defendants below, filed in evidence transcripts of the record in the case in which the appellants participated against the estate of Charles R. Switzer.

On October 9, 1937, the circuit court made a final decree, which was duly recorded on October 13, 1937, in which it was recited that the cause having come on to be heard for final hearing, and due notice having been given, respective counsel having submitted arguments, and the record having been examined, and the pleas of estoppel and *res adjudicata* having theretofore been sustained by the court as sufficient in law, the court proceeded to find that the evidence in support of said pleas, which had been submitted before the court and examined by the court, was sufficient in fact as well as in law to substantiate said respective pleas above mentioned. The court then proceeded to order, adjudge and decree that the cause be dismissed.

The appellants filed a petition for rehearing, which, after argument of counsel and consideration by the court, was denied on November 23, 1937. And on April 7, 1938, this appeal was taken from said final decree.

There has been considerable litigation between the parties to this appeal, or some of them, with reference to the subject matter of the cause which is now brought before us for review, in one phase or another. Some of this

litigation has reached the Court on appeal. See *In re:* Estate of Charles R. Switzer, deceased, Charles G. Darling, appellants, v. Jeanne W. Street, as Administratrix, etc., Appellee, 112 Fla. 525, 150 So. 728; also same case, 115 Fla. 780, 156 So. 1; Jeanne W. Street as Administratrix, etc., v. Florence W. Crosthwait, *et al.,* 134 Fla. 158, 183 So. 820; same case on rehearing, 136 Fla. 327, 186 So. 516.

Counsel for appellants state the questions involved in this case as follows:

"Question No. 1:

"Whether a litigant has waived the right to notice as requested in her caveat, which she filed in due time in the probate court, even though subsequent to the filing of the caveat and *prior* to the institution of the present litigation, she sought revocation of the order admitting the will to probate.

"The Judge of the Circuit Court by his final decree held that the litigant had waived her right.

"Question No. 2:

"Whether these litigants can maintain the present suit in equity, after they have been unsuccessful in former actions in the probate court against the parties, by injecting new and additional matter into the present suit in equity."

"The Judge of the Circuit Court in his final decree held that the appellants in this cause were estopped to maintain this suit, on the ground that the matter was *res adjudicate.*"

Counsel for appellees suggest in their brief that the wording of Question No. 1 should be changed so as to read as follows:

"Whether a litigant has waived the right to notice as requested in her caveat which she filed in due time in the Probate Court, even though *subsequent* to the filing of the

caveat and *prior* to the institution of the present litigation, she sought revocation of order admitting will to probate on other and separate grounds, and had also received funds from the estate of the decedent under said order admitting the will to probate."

Without going into the details of the pleas of *res adjudicata* and estoppel, and the evidence adduced in support thereof, it is sufficient to say that this Court finds no reversible error in the action of the chancellor below in upholding the sufficiency of said pleas, in the light of our previous decisions, and also in holding that the evidence introduced in support thereof was sufficient to prove the material allegations of the pleas. The rule is well settled that the chancellor's conclusions upon the sufficiency of the evidence to sustain either a bill of complaint or defenses interposed thereto by way of answer or plea, will not be disturbed by this Court unless shown to be clearly erroneous.

No reversible error being made to appear, the final decree appealed from is hereby affirmed.

Affirmed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.