145 So.2d 523 (1962)
M.H. KURKJIAN, Edward G. Wise, Trustee, Sattenig Lee and William Lee, a Partnership Trading As Petrochem Company, Appellants,
v.
FISH CARBURETOR CORPORATION, Appellee.
No. D-349.
District Court of Appeal of Florida. First District.
September 25, 1962.
*524 Raymond, Wilson & Karl, Daytona Beach, for appellants.
*525 William A. Spence, Daytona Beach, for appellee.
RAWLS, Judge.
The plaintiffs, Kurkjian, et al., filed an interlocutory appeal from an order denying their motion for a deficiency decree.
Defendant, Fish Carburetor Corporation, executed a note in favor of plaintiffs, Kurkjian, et al., evidencing its indebtedness to them in the principal sum of $14,000, and secured payment of same by a mortgage on certain real property[1] owned by defendant. Defendant defaulted in the performance of the terms of the note and mortgage, and plaintiffs brought this action to foreclose. When defendant failed to file any defenses, a decree pro confesso was properly entered against it upon motion of plaintiffs. Subsequently, the chancellor entered a summary final decree of foreclosure, finding therein that defendant was indebted to plaintiffs in the total sum of $15,099.81. Upon defendant's failure to forthwith pay said sum, the chancellor directed the Clerk of the Circuit Court to sell the mortgaged property pursuant to the provisions of § 702.02(5), F.S. 1959, F.S.A.[2] The mortgaged property was sold by the clerk at public sale to plaintiffs for the sum of $10,000; no objections to the sale were made by defendant; and the clerk issued certificate of title to plaintiffs. After receiving the certificate of title, plaintiffs moved that a deficiency decree be entered against defendant in the sum of $5,120.27, this being the difference between the amount found due by defendant in the final decree and the sale price of the property. The chancellor directed that notice be given to defendant prior to hearing plaintiffs' motion for deficiency decree. Defendant filed an unverified pleading entitled "Objections to Entry of Deficiency Decree and Motion to Set Aside Foreclosure Sale," the gist of such pleading containing affirmative allegations that plaintiffs were the only bidders at the sale and that the sale price was grossly inadequate. Plaintiffs then moved to strike defendant's pleading and the court took said motion under advisement. Several months later and prior to disposition of plaintiffs' motion to strike, defendant filed another unverified pleading entitled "Additional Objections to Entry of a Deficiency Decree" in which it affirmatively alleged that plaintiffs agreed not to seek a deficiency decree. Three days later, the chancellor entered an order denying the deficiency decree and denying the motion to strike. Material points on this interlocutory appeal are:
1. Does a decree pro confesso entered in foreclosure proceedings preclude the participation of defendant in a hearing on the question of a deficiency being entered against it?
2. After mortgage foreclosure sale held under the provisions of § 702.02, F.S., has become absolute by the clerk's execution and issuance of certificate of title, is the value of the mortgaged property conclusively established by the amount bid at the foreclosure sale so that it may not be questioned on plaintiffs' motion for the entry of a deficiency decree?
3. Does the record support the chancellor's refusal to enter a deficiency decree?
Plaintiffs cite Hirschberg v. Marvin[3] and Cole v. Heidt[4] as their primary *526 authorities in support of their position that the chancellor erred in requiring notice to be given defendant prior to setting a hearing on the deficiency proceedings and in permitting defendant to participate in the deficiency proceedings without first vacating the decree pro confesso. Each of these cases concerned the requirement of notice being given as a matter of law prior to the entrance of a deficiency decree, it appearing that the Cole case specifically overruled Hirschberg by holding that such notice is jurisdictional and must be given where a deficiency decree is not prayed for in the complaint. We recognize that in the instant cause a deficiency decree was prayed for in the complaint and concede that the chancellor may have proceeded without requiring notice to defendant. However, that is not the question presented, for it seems that plaintiffs' primary complaint is that too much notice was required by the chancellor, and that they have been prejudiced because, the chancellor in his discretion, refused to hear them on the question of deficiency until the defendant was apprised of what was taking place. It would be a sad commentary on the theory of equitable principles to sustain such a proposition. A decree pro confesso precludes a party from subsequently filing affirmative defenses as to the allegations established in the cause of action, and is analogous to some extent to a default judgment in a common law action. It is elementary that the entrance of a default does not preclude the defendant from appearing at the trial of the cause and defending on the question of damages where the action is not founded on a liquidated demand.[5] A final decree in a foreclosure action does not dispose of the question of a deficiency, for not until after the decree has been entered, can it be determined whether the sale price of the property being foreclosed is excessive of the liquidated amount or is insufficient to retire the liquidated amount set out in the final decree. Since the question of a deficiency decree, of necessity, must be ascertained subsequent to the entrance of the final decree of foreclosure, it is not an abuse of discretion on the part of the chancellor to require that notice be given to the defendant of a motion for deficiency decree even though a decree pro confesso has been entered against said defendant, and even though defendant might not be entitled to notice as a matter of law.
Plaintiff urges that the mortgage foreclosure sale held under the provisions of F.S. § 702.02, F.S.A., has become absolute by the clerk's execution of a certificate of title and that the value of the mortgage property has been conclusively established by the amount bid at the foreclosure sale and may not be questioned on plaintiffs' motion for a deficiency decree. As to the first portion of this point it may well be that the sale price, unless questioned within the time provided by law, is conclusively presumed to be adequate insofar as same is necessary to support the title of the property in the purchaser. However, we do not agree that the value of the property as established by a sale made pursuant to the statutory proceeding is so conclusively presumed as to bind the chancellor in the performance of his judicial duties pertaining to the entrance of a deficiency decree. Plaintiffs' able brief cites several cases in support of this point, each of which was decided prior to enactment of F.S. § 702.02, F.S.A., the latest one being Penn Mutual Life Insurance Co. v. Moscovitz.[6] In each of these cases the chancellor entered a decree confirming the sale price subsequent to the selling of the property; that is, the chancellor himself reviewed the price paid for the property and found same to be a reasonable and fair value for the property sold. The Moskovitz case states: "If the Judge is of the opinion that the amount bid at the sale was inadequate and inequitably less than the real value of the property, he should not confirm such sale, but order a resale *527 of the property." However, in the absence of timely objections to the sale by the defendant, under the alternative statutory procedure the price is confirmed automatically by law after a stated time. The chancellor in the instant cause has not passed upon the sale price of the mortgaged property. He has not confirmed anything. The basic equitable doctrines applicable to the chancellor's discretion in determining the propriety of granting or refusing the entrance of a deficiency decree in mortgage foreclosure proceedings are founded upon the principle that he may properly inquire into all facts and circumstances, including the adequacy or inadequacy of the sales price, prior to entering his decree.
Plaintiffs' final point has merit. The record before us reflects the filing of unverified pleadings prior to the chancellor's order denying the deficiency decree. The record is devoid of any evidence going to equitable grounds to justify the refusal of the chancellor to enter a deficiency decree. We find only bare allegations made by the defendant and certainly such allegations cannot be taken as proof.
As stated in Carlson v. Becker:[7]
"While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a `sound judicial discretion,' which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal."
Therefore, we hold that although the chancellor did not err in denying plaintiffs' motion to strike, the matter of entering a deficiency decree is discretionary with the chancellor whose decision must be supported by established equitable principles based upon proven facts contained in the record. Since the record herein did not reflect any such proofs, the decree on the motion for deficiency is hereby quashed and the cause remanded for further proceedings in regard thereto.
WIGGINTON, Acting C.J., and STURGIS, J., concur.
NOTES
[1] This was not a purchase money mortgage.
[2] F.S. § 702.02(5), F.S.A.: "The value of the property sold by the clerk shall be conclusively presumed to be the amount bid therefor and for which the property was sold at the sale, unless objection thereto shall be filed in the cause within ten days after the filing of the clerk's certificate of sale. * * * If no such objections be filed, the value as fixed herein shall have the same force and effect as if the court had decreed that the value of the said property was the amount bid and for which the property was sold at the foreclosure sale."
[3] Hirschberg v. Marvin, 113 Fla. 81, 151 So. 539 (1933).
[4] Cole v. Heidt, 117 Fla. 756, 158 So. 435 (1935).
[5] 19 Fla.Jur., Judgments & Decrees, § 307 and cases cited therein.
[6] Penn Mut. Life Ins. Co. v. Moscovitz, 119 Fla. 708, 161 So. 80 (1935).
[7] Carlson v. Becker, 45 So.2d 116 (Fla. 1950).