HENDRY, Judge.
Appellant is the maker of a note in the sum of $73,803 which was secured by a purchase-money mortgage of which the ap-pellee is owner and holder. Upon default in the payments on the obligations, appel-lee instituted successful foreclosure proceedings. Whereupon the appellee reac *404 quired the property by bidding it[1] in at the court ordered sale for $500. The appel-lee did not request a deficiency decree in the foreclosure proceedings, but instituted the instant legal proceedings seeking to recover on the note.
Subsequent to hearing, the court granted final judgment in the plaintiff-mortgagee’s favor for the face amount of the note plus interest and attorney’s fees less the $500 bid on the property at the foreclosure. At the hearing, evidence was introduced to the effect that the property in question was valued from at least $82,000 to as much as $120,000.
The appellant urges for reversal the trial judge’s failure to take into consideration for purposes of determining the amount of judgment, the value of the property. In a recent case,[2] this court ruled that the chancellor is not bound by the amount bid at the public auction when determining the amount of a deficiency decree, and that he may take into consideration the value of the property as well as other equitable considerations. The Jonas case, supra, was concerned with a proceeding in equity for a deficiency decree while our case is one at law on the note, but the same result should obtain, especially in view of this court’s language in Frank v. Levine, Fla.App.1964, 159 So.2d 665, 666:
"However, equitable defenses may be pleaded in law actions (rule 1.8(g), Fla.R.C.P., 30 F.S.A.), and there would appear to be no reason why equitable considerations sufficient to limit a deficiency award in equity should not serve equally when pleaded and proved in an action at law to recover a mortgage foreclosure sale deficiency.”
What was said above is equally applicable in regal'd to a suit at law on the mortgage note, where the mortgage has already been foreclosed. In the instant case, the trial court did not take the equitable defenses into consideration in determining the amount of recovery. He should have considered the value of the property, and those other equitable considerations "presented by appellant.
Accordingly, the judgment is reversed and remanded for a new trial at which time the trial court may reconsider the evidence in regard to the value of the property and may take other evidence in order to determine the proper award of damages.
Reversed and remanded.

. Through their agent.

. Jonas v. Bar-Jam Corp., Fla.App.1965,170 So.2d 479.