187 So.2d 903 (1966)
Charles W. LARSEN and Marguerite Larsen, His Wife, Appellants,
v.
Ralph V. ALLOCCA and Adelaide K. Allocca, His Wife, Appellees.
No. 65-694.
District Court of Appeal of Florida. Third District.
June 21, 1966.
Rehearing Denied July 14, 1966.
*904 Hudson, McNutt, Campbell & Isom and John P. McNutt, Miami, for appellants.
L.L. Robinson, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
CARROLL, Judge.
This is an appeal by the plaintiffs in a mortgage foreclosure suit from an order denying their motion for a deficiency decree.
The parties owned separate parcels of real estate of substantially the same value. They entered into an agreement for mutual sales thereof, each to the other. The appellants, the Larsens, acquired from the appellees, the Alloccas, property valued at $35,600, in consideration for which they paid the Alloccas approximately $8,000 cash and assumed a mortgage outstanding thereon of approximately $28,500. The Alloccas purchased the property of the Larsens valued at $35,000. They paid no cash, but gave the Larsens a note and purchase money mortgage thereon, dated April 25, 1963, for the full price of $35,000, which provided for interest at 6% per annum, payable monthly from the outset, and provided for payment of principal in monthly installments over a 20-year period to commence in five years. Following default by the mortgagors in payment of interest as stipulated, the Larsens, the mortgagees, electing to accelerate the mortgage indebtedness filed suit to foreclose, on July 31, 1963. A final decree of foreclosure was entered on October 5, 1964, in which it was found there was due and owing to the mortgagees, for principal, interest, attorney fees and costs, the sum of $40,206.40.[1] The mortgagees purchased the property on foreclosure sale, for a bid of $22,000. The sale was confirmed according to law, and title certificate issued to the Larsens. The deficiency amount established was $18,317. The order appealed from, denying mortgagees' motion for deficiency decree, was entered July 22, 1965.
*905 On their motion for deficiency decree the mortgagees presented testimony of a real estate broker that in his opinion the value of the property had decreased to $23,400 due to an adverse change in character of the area or neighborhood in which the property was located. The mortgagees sought a deficiency decree for the difference between the amount found due them in the final decree and said value of $23,400, being approximately $1,400 less than the deficiency amount which resulted from their bid of $22,000.
The discretion to grant deficiency decrees in mortgage foreclosure suits, provided for by statute (§ 702.06, Fla. Stat., F.S.A.), is not absolute and unbridled but is a "sound judicial discretion," Carlson v. Becker, Fla. 1950, 45 So.2d 116. The exercise of such discretion in denial of a deficiency decree must be supported by disclosed equitable considerations which constitute sound and sufficient reasons for such action. Scheneman v. Barnett, Fla. 1951, 53 So.2d 641; Kissling v. McCarthy, Fla. App. 1958, 100 So.2d 434; Kurkjian v. Fish Carburetor Corporation, Fla.App. 1962, 145 So.2d 523; Colmes v. Hoco, Inc. of Dade County, Fla.App. 1963, 152 So.2d 524. Therefore, the determinative question here is whether the chancellor abused discretion in denying the mortgagees' motion for a deficiency decree.
It is evident that the chancellor was aware of the rule as announced in the cited cases, as he meticulously listed the matters which he regarded as equitable considerations which in his opinion prompted denial of the motion for deficiency decree. First was the finding of the chancellor that no substantial or material reduction in value of the property had occurred as a result of changes in the area or otherwise during the relatively short interval involved, which was two years. As other equitable considerations the chancellor's order referred to the absence of financing by a lending institution, that the mortgagors made no payment in cash, that payment of principal (by monthly installments) was postponed under the note and mortgage for five years; and that by reason of those features the position of the mortgagees was different from that normally occupied by mortgagees.
The appellant contends that the finding of the chancellor that no substantial decrease in value had occurred was contrary to the evidence, and that the other considerations relied on by the chancellor were not such as would support denial of their motion for deficiency decree. On consideration of the record and briefs we are not inclined to disturb the holding of the chancellor that the loss in value of the mortgaged property was unsubstantial. The fact that the property acquired by the mortgagees on the foreclosure retained a value, as held by the chancellor, of approximately $35,000, amounted to a sound and sufficient equitable consideration for refusing to grant a judgment for the deficiency amount established by the foreclosure sale price of $22,000. Kurkjian v. Fish Carburetor Corporation, supra, Fla.App. 1962, 145 So.2d 523.
However, in addition to $35,000 for principal, the decree included approximately $5,000 for unpaid interest and attorney fees as contracted for, and court costs allowable by law. The appellants argued, and we agree, that even if it be assumed the property reacquired retained the value of $35,000 which it had when originally sold, their motion for a deficiency decree should not have been denied as to the additional sum of approximately $5,000 due under the foreclosure decree, except upon disclosed equitable considerations constituting sound and sufficient reasons for such action.
In our view the considerations relied on by the chancellor as a basis for denial of *906 the deficiency decree for the amount due the mortgagees over and above $35,000, were not such as would support the order.
We are unable to agree with the learned chancellor that the absence of a down payment and the fact that the purchase was not financed by a lending institution were equitable considerations for denial of a deficiency decree in this case. Nor do we consider that the feature of the note and mortgage which postponed payment of installments of principal for five years from the date of the sale should so operate. Provisions for acceleration were contained in the note and mortgage. It was the default of the mortgagors which triggered the acceleration, the very purpose and effect of which, when authorized, is to cause the unmatured principal to become due and payable presently.
In our view it was an abuse of discretion to deny a deficiency decree for a balance over and above the value of the property reacquired by the mortgagees on foreclosure sale. Though contracted for together, each of the sales was separate. In purchasing the property of the mortgagors the Larsens gave full consideration, by paying $8,000 in cash and assuming an outstanding mortgage for the balance of the purchase price of the property they acquired. On the parcel which the Larsens sold to the Alloccas they received no cash payment, and if, as found by the chancellor, the property when reaquired on foreclosure had substantially the same value as when sold by the Larsens to the mortgagors, denial of a deficiency decree for the sum of approximately $5,000 by which the decree exceeded the value of the property, would operate to deprive the mortgagees of the benefit of their contract for payment of the interest which had accrued and attorney fees, and to recover the costs of the suit.
Accordingly, the order appealed from is reversed, and the cause remanded for further proceedings not inconsistent herewith.
NOTES
[1] Progress of the cause in the trial court was delayed by an interlocutory appeal and supersedeas. Interest allowed in the final decree did not include that which accrued pending the earlier appeal, as interest for that period was provided for and paid under the supersedeas bond.