PER CURIAM.
Maudo, Inc. appeals from a final judgment in a law suit which sought to recover an alleged balance due on a note. The mortgage securing the note has been foreclosed in a prior action.
This litigation commenced when the Steins sued Maudo, Inc. and others to foreclose a purchase money mortgage on certain real and personal property in Miami Beach, Florida. The Steins obtained a final decree bf foreclosure on July 3, 1962 for the principal amount of the mortgage, $73,803, plus interest to May 1, 1962, costs, and an award of $3,000 for attorney’s fees. A sale of the property was held and the Steins bid in the property through their agent for $500. Their attorneys received $479.95 of the $500, according to the Clerk’s report and certificate of disbursement filed therein. The Steins did not seek a deficiency decree in the foreclosure action.
On April 30, 1964 the Steins sued Maudo on the note and sought to recover a “deficiency” judgment of $73,803, plus interest, costs and attorney’s fees. A final judgment was entered for $73,803 plus interest and attorney’s fees, less the $500 bid on the property at foreclosure.
That judgment was reversed and remanded on appeal[1] so that the trial court might reconsider the evidence in regard to the value of the foreclosed property and other equitable considerations in arriving at a proper award of damages.
*823 On remand, additional testimony was taken and a final judgment was entered for the Steins for $35,000, with interest in the sum of $9,299.45 from April 1, 1961 through January 6, 1966, plus attorney’s fees of $1,000. Counsel for both parties moved to modify this judgment.
A modified final judgment was then entered for the Steins for $23,500, with interest in the amount of $5,168 from May 1, 1962 through January 6, 1966, for a total of $28,668, plus costs, but no award was made for attorney’s fees. This appeal is taken from that judgment.
A court may, under equitable principles, refuse to award a deficiency decree because to do so would be wholly inequitable, or, if one is awarded, the amount of the deficiency may be materially reduced on equitable principals. Taylor v. Prine, 101 Fla. 967, 132 So. 464 (1931); Cragin v. Ocean and Lake Realty Co., 101 Fla. 1324, 133 So. 569, 135 So. 795 (1931); Atlantic Shores Corporation v. Zetterlund, 103 Fla. 761, 138 So. 50 (1931). See also: 22 Fla.Jur. Mortgages, §§ 418, 421. The trier of facts, in arriving at the final deficiency judgment, had before him conflicting evidence concerning the value of the land and other equitable considerations. There was competent substantial evidence in the record to sustain his judgment.
The right to enter a deficiency decree for any portion of a deficiency in a mortgage foreclosure action, is within the sound judicial discretion of the court. Larsen v. Allocca, Fla.App.1966, 187 So.2d 903; Section 702.06, Florida Statutes, F. S.A. We do not find a clear abuse of sound judicial discretion in the case sub judice. See Maudo, Inc. v. Stein, Fla.App. 1965, 171 So.2d 403.
Maudo claims reversible error was committed when the court refused to admit into evidence pictures of a condominium on a similar lot across the street. Their real estate expert was permitted to testify fully as to the sales price of $57,500 for the vacant lot across the street, on similar property, and gave his opinion that as a vacant lot, the property in question was worth $60,000 as of the date of this hearing, and $55,000 as of August 1962. This property was not vacant, but improved property, on both dates.
Assuming arguendo, but without so deciding, that the pictures of the condominium should have been admitted, we think that their exclusion was at the most harmless error, because other evidence of the value of the property in question was fully explored. See Section 54.23, Florida Statutes, F.S.A.
We next consider whether the court erred in allowing interest on this judgment from May 1, 1962 to January 6, 1966. The original mortgage foreclosure decree had granted interest to the Steins till May 1, 1962.
The rights of the Steins to seek a judgment for the balance due under the note, accrued, in our opinion, at the time the sale was made and the deficiency arose in the original foreclosure action. See: Life & Casualty Ins. Co. of Tennessee v. Tumlin, 138 Fla. 447, 189 So. 406 (1939); Mabson v. Christ, 96 Fla. 756, 119 So. 131 (1928).
In Parker v. Brinson Construction Company, Fla.1955, 78 So.2d 873, 874, the court said:
* * * * * *
“ * * * The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. * * * ”
******
See also: Martin v. E. A. McCabe & Company, Fla.App. 1959, 113 So.2d 879; Hunt *824 ley v. Baya, Fla.App.1962, 136 So.2d 248; Jackson Grain Co. v. Hoskins, Fla.1954, 75 So.2d 306; 18 Fla.Jur., Interest, § 6.
We therefore concur in the allowance of interest from May 1, 1962 as provided in the final judgment herein.
The last question on appeal concerns the appellees’ cross assignment concerning the propriety of the trial court in disallowing any attorney’s fees in the modified final judgment, after granting a fee of $1,000 in the first deficiency judgment.
The record reflects that there was no evidence or testimony adduced at the hearing on remand as to attorney’s fees. The trial court did not have sufficient evidence before it to justify an award of attorney’s fees and its subsequent denial thereof does not constitute reversible error.
Accordingly, the final decree is
Affirmed.

. Maudo, Inc. v. Stein, Fla.App.1965, 171 So.2d 403, cert. denied Stein v. Maudo, Inc., Fla.1965, 179 So.2d 213.