PER CURIAM.
The appellant was plaintiff below, having brought this action as a means of obtaining a deficiency decree against the appellees for $5,000.00. This law suit arose because of the execution of an installment real estate note, secured by the property sold, made payable to the appellant from the appellees, in the amount of $45,000.00. The note was executed in the state of Georgia during 1965. Some time after the note’s execution, the appellees, who were the purchasers of the property which secured the note, defaulted on said note. The note contained a foreclosure provision, and pursuant thereto, appellant Peterson exercised her foreclosure rights. Notice of sale was given to the appellees; thereafter, the property was bid in for the sum of $40,000.00 in the name of the appellant by her husband. After the sale had been completed, an order was entered by the Superior Court judge in Georgia notifying the appellees-defendants that the sale would be confirmed unless they could show good cause to withhold such confirmation. No cause was shown and the sale was confirmed by the Superior Court on January 26, 1967.
This action was instituted at common law here in Dade County for the unpaid balance of the note over and above the $40,000.00 credited by virtue of the foreclosure sale.
In his final judgment, the Dade County circuit judge found as follows:
“The improvement on the property was a brand new five bedroom home in which defendants resided for approximately five months. Although plaintiff bid $40,000.00 on the foreclosure sale, she admits that the defendants left the property in perfect condition and was, at the time of said sale, worth $45,000.00. Her bid was the only bid offered at the foreclosure sale. Subsequent to the foreclosure, plaintiff had rented the property at a monthly rental of $230.00 per month with an option for the lessee to purchase at a price of $45,000.00.
Based on the above finding, the circuit Judge then formulated the following conclusions of law:
“The law is well settled that plaintiff has the option in pursuing the procurement of a deficiency decree in either the original mortgage foreclosure, or in a separate action at law. The foreclosure was pursued in the State of Georgia and plaintiff now seeks to get her deficiency in an action at law here in Dade County, Florida.
“The confirmation of the sale price does not conclusively establish the actual value of the property and surely does not conclusively bind the Chancellor in the performance of his judicial duties pertaining to the entry of a deficiency decree. Kurkjian vs. Fish Carburetor Corporation, (First District, 1962), 145 So.2d 523.”
We hereby affirm the conclusions of the circuit court. The certified copies of the *495 proceedings in the Georgia Superior Court, showing the confirmation of the sale of the property in the amount of $40,000.00, were properly held by the judge to be inconclusive for purposes of determining a deficiency when the mortgagee—appellant here—is the purchaser at such sale. Maudo, Inc. v. Stein, Fla.App.1965, 171 So.2d 403; Jonas v. Bar-Jam Corp., Fla.App.1965, 170 So.2d 479; Kurkjian v. Fish Carburetor Corporation, supra. See also Frumkes v. Mortgage Guarantee Corp., Fla.App.1965, 173 So.2d 738; Frank v. Levine, Fla.App.1964, 159 So.2d 665.
Affirmed.