338 So.2d 62 (1976)
John C. SPENCER and Virginia Q. Beverly et al., Appellants,
v.
AMERICAN ADVISORY CORP. et al., Appellees.
No. 76-313.
District Court of Appeal of Florida, Third District.
September 21, 1976.
Rehearing Denied November 1, 1976.
Snyder, Young, Stern, Barrett, Tannenbaum & Pallot, Miami, for appellants.
Lapidus & Hollander, Friedman & Britton, Adams, George, Wood, Lee & Schulte, Miami, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
This is an appeal from an order, entered after judgment and sale in a real estate mortgage foreclosure action, which denied plaintiff-appellant's motion for a deficiency judgment and final judgment on the guaranty. We affirm.
*63 The final judgment of foreclosure found that the plaintiffs were due $8,000,000.00 as principal, together with interest, attorney's fees and costs. The plaintiffs purchased the property at the foreclosure sale for $8,000,000.00. No objection to the sale was made. The complaint had sought by a separate count to enforce a guaranty of payment of the indebtedness secured by the mortgage and the expenses of collection. After the sale, plaintiffs moved for the entry of "Deficiency Judgment and Final Judgment on the Guaranty." The court permitted discovery and held a full evidentiary trial upon the issue of the value of the property obtained by the foreclosure of the mortgage. Thereafter, the court entered its order denying the motion upon the following finding:
"5. On November 21, 1975, this Court heard testimony for a full day on the issue of value. Three appraisers testified, two called by the Plaintiffs, and one by the mortgagor. Officials of the City of Miami testified. Based upon all of the testimony, including the testimony of Plaintiffs' own appraisers, this Court finds as a matter of fact upon the evidence, that the fair market value of the property on the date of foreclosure, on the date of the foreclosure sale and on the date that the Clerk's Deed issued was greatly in excess of the amount found due by the Final Decree of Foreclosure upon that property."
This appeal is from that order. Three points have been presented. The first urges that the court should have granted the motion for a judgment on the guaranty because as a matter of law the value of the property obtained at a foreclosure sale does not affect the liability of the guarantors of a mortgage debt where the language of the guaranty unconditionally guarantees the full indebtedness of the borrower. It is urged that the measure of the guarantors' liability becomes ascertainable immediately following the foreclosure sale.
We hold that the point does not present error because the indebtedness is paid by the foreclosure in which there is no deficiency. See cases collected at 38 Am.Jur.2d "Guaranty" § 51. There is sufficient evidence in the record to support the trial judge's finding that: "... the fair market value of the property ... on the date of the foreclosure sale and on the date that the Clerk's Deed issued was greatly in excess of the amount found due by the Final Decree of Foreclosure upon that property." An appellate court will not substitute its judgment for that of a trier of fact when the finding of fact is supported by the record. Crosthwait v. Northern Trust Co., 144 Fla. 231, 197 So. 785 (1940).
Plaintiffs' second point claims error upon the court's denial of a deficiency judgment. It is argued that the amount bid at the sale established the value of the property foreclosed for the determination of the equities upon an application for a deficiency judgment. It is established that the sale price is one of the factors to be considered. See Section 45.031(7) Florida Statutes (1975); R.K. Cooper Construction Company v. Fulton, 216 So.2d 11 (Fla. 1968); Kurkjian v. Fish Carburetor Corporation, 145 So.2d 523 (Fla. 1st DCA 1962). Where, as in the instant case, the court finds from all the evidence that the value of the property recovered exceeds the amount of the final judgment of foreclosure, a deficiency judgment may be denied based upon the equities involved. Cf. Jonas v. Bar-Jam Corp., 170 So.2d 479 (Fla. 3d DCA 1965); Maudo, Inc. v. Stein, 201 So.2d 821 (Fla. 3d DCA 1967).
Plaintiffs' third point claims error upon the refusal of the court to accept into evidence a showing of the amount of the ad valorem assessment upon the property. Also included in the point are claims of error upon the limitation of cross-examination. We think that the court's ruling upon the amount of the tax assessment is in accord with the holding in Southern Realty and Utilities Corp. v. Gettleman, 197 So.2d 30 (Fla. 3d DCA 1967). Even if this were not so, we would hold the error harmless in view of the extensive testimony of market value in this record. We have examined the record in the light of the other rulings *64 argued under this point and find no reversible error.
Accordingly, the order appealed is affirmed.
Affirmed.