399 So.2d 1095 (1981)
Odessa W. LLOYD, Appellant,
v.
Frank T. CANNON, Appellee.
No. UU-139.
District Court of Appeal of Florida, First District.
June 23, 1981.
Harris Ball, Jacksonville, for appellant.
Emmanuel J. Johnson, III, of Ripley, Rich & Brim, P.A., Jacksonville, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellant, a mortgagee, seeks review of an order denying a deficiency judgment following foreclosure of the mortgage and sale of the property to a third party for an amount less than the amount of the debt. The issue is whether the trial court abused its discretion in denying a deficiency judgment. We conclude that it did and reverse.
In 1978 appellant sold the property, a duplex, to appellee for $15,000.00, with no down payment, appellant taking a purchase money mortgage for the full purchase price, payable at the rate of $150.00 per month including interest at 10% on the unpaid principal balance. At that time the property was rented producing a gross income of $300.00 per month. Appellee commenced *1096 making certain improvements to the property, but within a matter of months abandoned the project and discontinued payments on the mortgage. Appellant's foreclosure action resulted in a final judgment awarding appellant a total of $16,790.00 including principal, interest, costs and attorney's fees. At the subsequent foreclosure sale, the property was sold to an utter stranger for the sum of $9,000.00.
A hearing was held on appellant's motion for a deficiency judgment. As a result of that hearing the court found (1) that there was no evidence as to the value of the property at the time of the sale to appellee, (2) that appellant's cost basis in the property was $7,000.00 six years prior to the sale to appellee, (3) that there had been no substantial change in the neighborhood which would vary the value of the property, and (4) that the condition of the property at the time of the foreclosure sale was substantially the same as when appellee purchased it. On these findings, and without further explanation, the court ruled that the motion for deficiency judgment should be denied.
While the grant or denial of a deficiency decree is a matter within the sound judicial discretion of the trial court, such discretion is not absolute and unbridled, Carlson v. Becker, 45 So.2d 116 (Fla. 1950), and where the exercise of such discretion results in denial of a deficiency decree, it must be supported by disclosed equitable considerations which constitute sound and sufficient reasons for such action. Larsen v. Allocca, 187 So.2d 903 (Fla.3d DCA 1966), cert. denied, 195 So.2d 566 (Fla. 1966). Absent such equitable considerations, the granting of a deficiency judgment is the rule rather than the exception. S/D Enterprises, Inc. v. Chase Manhattan Bank, 374 So.2d 1121 (Fla.3d DCA 1979).
The "equitable considerations" specifically stated by the court as its basis for denying the motion for deficiency judgment (and the record discloses no others) seem to say that the deficiency was denied because (1) the property was worth at the time of foreclosure sale the amount that it was worth at the time appellant sold it to appellee, and (2) appellant apparently recovered at least the amount of her cost basis in the property. These findings were apparently intended to point to a line of cases in which deficiency judgments have been denied in foreclosure of purchase money mortgages, where the purchase money mortgagee is also the purchaser of the property at the foreclosure sale and the property, at the time of sale, has a value equal to or in excess of the amount of the mortgage debt. See, e.g., Hamilton Investment Trust v. Escambia Developers, Inc., 352 So.2d 883 (Fla. 1st DCA 1977); Larsen v. Allocca, supra. While the mortgage here was, indeed, a purchase money mortgage, the all important distinction is that here the purchaser at the foreclosure sale was not the mortgagee, but one who was an utter stranger to the parties.[1]
Appellee was indebted to appellant in the amount of $16,790.00. The foreclosure sale of the mortgaged property to a third person produced the sum of $9,000.00, leaving a deficiency of $7,790.00. Since we conclude that neither the trial court's findings recited above nor the record show equitable considerations constituting sound and sufficient reasons for denying appellant's motion for deficiency and depriving her of the benefit of her contract, we also conclude, on the established principles set forth above, that the trial court abused its discretion in so doing.
The order denying the deficiency judgment is reversed and this cause is remanded for entry of an order granting a deficiency judgment in the amount of $7,790.00.
REVERSED AND REMANDED.
BOOTH, J., concurs.
LARRY G. SMITH, J., dissents without opinion.
NOTES
[1] We deem it important to note that there is not in the record the slightest implication that the purchaser at the foreclosure sale was agent for, or alter ego of, appellant.