SMITH, Judge.
We affirm the summary final judgment of foreclosure entered subsequent to default judgment against appellants, but reverse the award of attorney’s fees, and order correction of the final judgment with respect to amounts stated as principal and interest due.
In their motion to set aside the default and resulting final judgment, appellants maintained as a defense to the foreclosure that the agreement for deed was unenforceable under Section 725.01, Florida Statutes (statute of frauds), because not signed by appellants or anyone on their behalf. The trial court correctly ruled that the statute of frauds was not a valid defense to the foreclosure. The complaint alleged, without denial or contest by appellants, that appellants had been and still remained in possession of the property. Possession is part performance which operates to satisfy the statute of frauds, entitling appellee to obtain equitable relief. 27 Fla.Jur.2d, Frauds, Statute of, § 12, page 449. See, also, Williams v. Faile, 118 So.2d 599 (Fla. 1st DCA 1960).
*1159 12] The award of attorney’s fees without notice to appellants was error, as appel-lee concedes, since attorney’s fees are unli-quidated damages, Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983), and appellants, even after default, were therefore entitled to the opportunity to be heard and to present evidence as to the amount to be awarded. By so ruling, however, we do not imply that an award of attorney’s fees is proper in this case, since the record before us is not sufficient for this court to make that determination. On remand, the trial judge shall determine entitlement to as well as the amount of any attorney’s fees, subject, of course, to appropriate review by this court if sought.
The parties agree that the final judgment incorrectly recited certain of the amounts due as principal, and as interest. The trial court is directed, upon application by the parties, to modify the final judgment so as to accurately state the proper amounts.
Finally, although the final judgment expressly reserves jurisdiction for entry of a deficiency judgment, should one occur after the foreclosure sale, none has yet been entered. Therefore, our review does not encompass any issues that may subsequently arise with respect to award of a deficiency judgment. We observe, however, that since a demand for a deficiency judgment was included in the complaint on which the default was entered, see, Trawick’s Florida Practice and Procedure (1983 Edition), § 27-4, page 395, the granting of such relief would be within the sound judicial discretion of the trial judge. Section 702.06, Florida Statutes; Lloyd v. Cannon, 399 So.2d 1095 (Fla. 1st DCA 1981). We observe further, that since in the awarding of a deficiency judgment consideration must be given, among other things, to the amount bid at the sale, appellants may be heard by timely application to the trial court with respect to any errors or irregularities affecting the sale. Section 45.031(7), Florida Statutes; Cf. Winfield v. Second National Bank of North Miami, 381 SO.2d 1160, 1161 (Fla. 4th DCA 1980).
REVERSED in part, AFFIRMED in part, and REMANDED for further proceedings.
MILLS and NIMMONS, JJ., concur.