464 So.2d 1327 (1985)
George DELVES, Jr., Appellant,
v.
KINGDOM VOICE PUBLICATIONS, INC., Richard T. Morehead, and Clifford B. Newton, Appellees.
No. AR-201.
District Court of Appeal of Florida, First District.
March 14, 1985.
George Delves, Jr., pro se.
Robert F. Sphorer of Zisser, Robison, Spohrer, Wilner & Harris, Jacksonville, for appellees.
BOOTH, Judge.
This is an appeal from an order dismissing with prejudice appellant's fourth amended complaint seeking specific performance of a land sale contract and, alternatively, damages for tortious interference with contract and theft by fraud and deceit.[1] Motion to dismiss was granted *1328 based, apparently,[2] on the determination that the Statute of Frauds applied and precluded evidence of an oral extension of time.
The complaint alleges: that on April 27, 1981, appellant George Delves, Jr. (Delves) and appellee Kingdom Voice Publications, Inc. (KVP) executed an instrument entitled "Deposit Receipt," which was a purchase and sale agreement; that, by the terms of the agreement, Delves paid $500 to KVP on the date of the agreement, took possession of the property for remodeling, and advertised the property for resale; that the utilities were put in Delves' name; that, during the 45 days following the agreement, neither Delves nor KVP attempted to close the deal; that a closing date was set for July 7, 1981, but was later postponed for the convenience of Delves; that, on July 9, 1981, in a phone conversation between George Delves, Sr. (father of Delves) and Mr. Evans (Vice President of KVP), Mr. Evans voiced no objection to the postponement and requested Delves pay the July mortgage payment then due; that Delves made the payment of $514.03; and that, on July 14, 1981, KVP conveyed title to the property to its attorneys, Morehead and Newton.
The trial court dismissed the complaint, apparently based on the court's determination that, as contended by appellees, the instrument entitled "Deposit Receipt" was an option contract to purchase land which had expired pursuant to its terms, and further than an oral modification purporting to extend the duration of the option was ineffectual due to the Statute of Frauds.
We must reverse the order of dismissal because the complaint does not fail to state a cause of action. Taking the allegations summarized above, in the light most favorable to the non-moving party, we find that neither the nature of the agreement, as an option or a contract for sale, nor the alleged oral modification are insufficiently pleaded to preclude the necessity for an answer by appellees. 48 Fla.Jur.2d Specific Performance § 92 (1984); Florida Real Property Sales Transactions, Florida Bar Continuing Legal Education Publication, § 3.8 (1978).
The law is settled that an oral modification of a written contract that is otherwise barred by the Statute of Frauds can ripen into a binding agreement pursuant to the doctrine of partial performance. Cottages, Miami Beach, Inc. v. Wegman, 57 So.2d 439 (Fla. 1951), 59 So.2d 528 (Fla. 1952); Saints in Christ The Temple of the Holy Ghost v. Fowler, 448 So.2d 1158 (Fla. 1st DCA 1984) (possession is part performance); Evans v. Parker, 440 So.2d 640 (Fla. 1st DCA 1983); Poinciana Properties, Ltd. v. Englander Triangle, Inc., 437 So.2d 214 (Fla. 4th DCA 1983); Pan American Engineering Co., Inc. v. Poncho's Construction, 387 So.2d 1052 (Fla. 5th DCA 1980) (written contract can be modified by subsequent oral agreement).
In the instant case, the complaint alleges facts supporting partial performance, including justifiable change of position by appellant in reliance on the contract, facts which, if proven, would establish a basis for the causes of action asserted. The elements of the part performance doctrine having been sufficiently pleaded, the defense of the Statute of Frauds cannot be successfully asserted by motion to dismiss. Maloy v. Boyett, 53 Fla. 956, 43 So. 243 (1907).
We also hold that both Morehead and Newton, subsequent purchasers, were properly joined as defendants. McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, 458 So.2d 45 (Fla. 2d DCA 1984). Delves, pursuant to the contract, was in possession of the property. Morehead and Newton, as attorneys representing KVP in this transaction, knowing of Delves' possession and of the contract between KVP and Delves, do not qualify as good faith purchasers. The remedy of specific *1329 performance is available against subsequent purchasers, who, knowing that vendors had already agreed to sell realty to another, induced vendors to sell the realty to them instead. Sperling v. Davie, 41 So.2d 318 (Fla. 1949).
Accordingly, the judgment below is reversed and the cause remanded for further proceedings consistent with this opinion.
ERVIN, C.J., and ZEHMER, J., concur.
NOTES
[1] The count alleging theft by fraud and deceit is apparently based on appellees' failing to return the down payment and July mortgage payment.
[2] Neither the record, including motion to dismiss, or order below indicate the reasons for the dismissal.